**Opinion filed January 7, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00294-CV

_____

## IN RE PERMIAN TANK & MANUFACTURING, INC.

**Original Mandamus Proceeding**

## O P I N I O N

Permian Tank & Manufacturing, Inc. has filed a petition for writ of mandamus, seeking to compel arbitration of a personal injury suit filed against it by a former employee. Subsequent to the trial court's order denying arbitration, the Texas Supreme Court released an opinion that speaks to the issues raised by this litigation. Consequently, we conditionally grant Permian's petition.

### I. *Background*

Wayne Elmore was employed by Permian. While in the course and scope of his employment, Elmore fell off a forklift and injured himself. Permian is a nonsubscriber and Elmore filed suit, asserting a negligence cause of action and seeking personal injury damages. Permian filed a motion to stay and compel arbitration. Elmore opposed that motion and the trial court denied it.

### II. *Discussion*

Permian challenges the trial court's order with a single issue, contending that the trial court abused its discretion. Elmore responds that the trial court correctly found that no binding arbitration agreement existed at the time of his injury.

*A. Background Facts.*

It is undisputed that on October 12, 2007, Elmore signed a document entitled "Agreement to Submit Disputes to Mediation and/or Arbitration." This is a broadly worded agreement that covers all claims or disputes arising from Elmore's employment, including any claims based upon on-the-job injuries. On December 6, 2007, Permian adopted an occupational injury benefit plan. This plan includes an arbitration agreement. Elmore denies signing any document in connection with this plan or its arbitration agreement, and there is no evidence in our record to the contrary.

Permian contends that Elmore is bound by the October 12 arbitration agreement or, alternatively, the benefit plan arbitration provision. Elmore responds that the benefit plan revoked the October 12 agreement and that the benefit plan gave him the option to either retain his common law right to sue in state court or to participate in the benefit plan. Because he did not sign or participate in the benefit plan, Elmore contends that he is not bound by the plan's arbitration provision.

*B. Standard of Review.*

It is also undisputed that the Federal Arbitration Act (FAA)[1] applies to this case. Under the FAA, orders denying a motion to compel arbitration are reviewed for an abuse of discretion. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 271 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if it acts without reference to any guiding rules or principles or acts in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). When reviewing matters committed to a trial court's discretion, an appellate court may not substitute its own judgment for that of the trial court. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Nor may a reviewing court set aside the trial court's determination unless it is clear from the record that the trial court could only reach one decision. *Id.* at 840.

*C. Who Determines Whether an Arbitration Agreement Applies?*

Subsequent to the trial court's order, the Texas Supreme Court decided *In re Morgan Stanley & Co.*, 293 S.W.3d 182 (Tex. 2009). In this case, the court considered the proper manner for determining initial threshold questions concerning the applicability of an arbitration agreement. The

---

[1]*See* 9 U.S.C. §§ 1-16.

court reaffirmed the principle that trial courts have a limited role if a valid agreement to arbitrate exists. For example, defenses attacking the validity of a contract as a whole and not specifically aimed at the agreement to arbitrate are for the arbitrator, not the court. *Id.* at 185; *see also Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46 (2006) ("unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance").

Elmore does not dispute that the October 12 agreement was a binding contract but claims that it was effectively revoked with the adoption of the benefit plan. Elmore points to no provision in the benefit plan or any other document expressly revoking the October 12 agreement. Instead, he contends that whether the agreement was revoked is a fact question and that the trial court impliedly found it was revoked. Whether the October 12 agreement is still in force is an argument directed at the validity of the agreement as a whole; accordingly, the arbitrator is responsible for making this determination. *See In re RLS Legal Solutions, LLC*, 221 S.W.3d 629, 631-32 (Tex. 2007) (orig. proceeding). The trial court, therefore, erred when it denied Permian's motion to compel arbitration.

But even if we are in error, the arbitrator is also responsible for determining whether Elmore is bound by the benefit plan's arbitration agreement. Elmore concedes that, because he was an at-will employee, (1) Permian had the right to alter the terms of his employment by simply notifying him of the change and (2) if this occurred, continuing his employment constituted an acceptance of the new employment terms. Elmore acknowledges that Permian modified the terms of his employment when it adopted the benefit plan, that it notified him of this change, and that he accepted the new terms by continuing to work. The benefit plan and its arbitration provision is, therefore, a valid contract.

When a valid arbitration agreement exists, a presumption favoring arbitration arises. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). The benefit plan provides that "[i]n the event of a claim, dispute or difference arising out of or relating to (i) application and interpretation of the Arbitration Agreement [attached to the benefit plan] or (ii) any potential action [for] work-related injury," Permian and the employee will attempt to resolve the dispute informally and that, if that attempt is unsuccessful, they will submit their dispute to binding arbitration. Elmore contends that when Permian adopted the benefit plan it gave him an option to participate in the plan

and arbitrate any dispute or not to participate in the plan and retain his common-law rights including the right to file suit in state court. Elmore asserts that he chose to retain his common-law rights. Because Elmore concedes that the benefit plan is a valid agreement, the arbitrator is responsible for determining whether the plan gave Elmore an option to arbitrate his claims and, if so, what election he made. *Cf. Will-Drill Resources, Inc. v. Samson Resources Co.*, 352 F.3d 211, 219 (5th Cir. 2003) (distinguishing between attacks on the existence of an agreement – which are reserved for the trial court – from arguments concerning the continued validity or enforcement of an agreement – which are delegated to the arbitrator).

We recognize that the Texas Supreme Court has held that whether an arbitration agreement binds a nonsignatory is a gateway matter to be determined by the arbitrator. *See In re Weekley Homes, L.P.*, 180 S.W.3d 127, 130 (Tex. 2005) (orig. proceeding). But, in this instance, Elmore does not dispute that he is subject to the terms of the benefit plan or contend that the plan's arbitration provision is invalid. His contention goes to the enforcement of that provision in this instance. That argument does not constitute a gateway matter reserved for the trial court.

### III. *Holding*

The petition for writ of mandamus is conditionally granted. In the unlikely event the trial court fails to vacate its order denying arbitration and enter an order referring the case to arbitration within thirty days, a writ will issue.


RICK STRANGE

JUSTICE

January 7, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

4