**TEXAS LA FIESTA AUTO SALES, LLC and Patricia Tubbs, Appellants,**

v.

**William BELK, Appellee.**

**No. 14–10–01146–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 15, 2011.

Travis B. Vargo, Aaron Ries, Houston, for appellants.

Christopher Douglas Collings, Houston, for appellee.

Panel consists of Justices ANDERSON, BROWN, and CHRISTOPHER.

## SUBSTITUTE OPINION

JEFFREY V. BROWN, Justice.

We originally issued our opinion dismissing the appellants' appeal on June 21, 2011. We deny the appellants' motion for rehearing, vacate our earlier judgment, withdraw our previous opinion, and issue this substitute opinion in its place.

In this accelerated, interlocutory appeal, appellants Texas La Fiesta Auto Sales, LLC, and Patricia Tubbs appeal the trial court's order compelling arbitration. Specifically, they contend the trial court erred in (1) denying appellants' motion to compel arbitration under a January 25 arbitration agreement and instead compelling arbitration under a superseding agreement; (2) conducting an evidentiary hearing on the motion to compel; (3) drawing legal conclusions reserved for the arbitrator or jury; (4) depriving appellants of reasonable notice of a trial on the merits; and (5) granting relief not requested by either party. In response, appellee William Belk asserts that this court lacks jurisdiction to entertain a direct appeal of an order compelling arbitration and, alternatively, that the trial court's actions and order compelling arbitration were proper.

I

Texas La Fiesta Auto Sales is a used-automobile dealership. Patricia Tubbs is the president and managing member of La Fiesta. In January 2010, William Belk went to work for La Fiesta as a sales manager. In connection with his employment, Belk signed various documents, including an "Employee Arbitration Agreement" dated January 25, 2010 (the "arbitration agreement"). The arbitration agreement provides that any arbitration will be governed by the Federal Arbitration Act ("FAA") and the American Arbitration Association:

Employer and Employee agree that all claims, demands, disputes, controversies of every kind or nature that may arise between them and concerning any issues surrounding the employment of the Em-

ployee shall be settled by binding arbitration conducted pursuant to the provisions of 9 U.S.C. Section 1 et seq. and according to the Commercial Rules of the American Arbitration Association.

Several days later, La Fiesta provided Belk with an employment contract, which Belk signed on February 2, 2010 (the "employment contract"). For reasons not apparent in the record, no representative of La Fiesta signed the employment contract.

The employment contract contained the following merger clause:

6.02. This Agreement supersedes all previous agreements between the Employee and the Employer, and contains the entire understanding between the parties with respect to the subject matter specified in this Agreement. Each party to this Agreement acknowledges that no other agreement, statement, or promise not contained in this Agreement shall be valid or binding. Any modification of this Agreement will be effective only if it is in writing signed by the party to be charged.

The contract also contained an arbitration provision that, unlike the January 25 arbitration agreement, provided for arbitration under the Texas Labor Code:

6.04. Any controversy between the parties to this Agreement involving construction or application of any of the terms, covenants, or conditions of this Agreement, shall on the written request of one party served on the other, be submitted to a board of arbitration consisting of three (3) persons, and such arbitration shall comply with and be governed by the provisions of Chapter 102 of the Texas Labor Code. . . .

Shortly thereafter, Tubbs terminated Belk's employment. Belk sued La Fiesta and Tubbs, asserting breach of the employment contract,[1] promissory estoppel, fraudulent inducement, fraudulent conveyance, and negligence. La Fiesta moved to compel arbitration under the arbitration agreement. In response, Belk filed a single document containing a motion for continuance, a motion for partial summary judgment, and a response to La Fiesta's motion to compel arbitration. Belk argued, among other things, that a valid employment contract existed between him and La Fiesta which superseded the arbitration agreement. La Fiesta responded, asserting that Belk failed to present any arguments or evidence that would render the arbitration agreement unenforceable. La Fiesta also asserted that, even if the employment contract were valid, it too contains an arbitration provision and thus "either way, this case must be arbitrated."

The trial court held an evidentiary hearing on La Fiesta's motion to compel arbitration. Belk presented testimony and submitted exhibits in support of his position, but La Fiesta offered no evidence. At the conclusion of the hearing, the trial court orally ordered the parties to arbitration pursuant to paragraph 6.04 of the employment contract.

On November 2, 2010, the trial court signed an order compelling arbitration. In this order, the court denied in part La Fiesta's motion to compel "on the grounds that Paragraph 6.02 of the Employment Contract of February 2, 2010, supersedes as a matter of law the stand-alone arbitration agreement dated January 25, 2010" and granted the motion in part "on the basis that Paragraph 6.04 of the Employ-

---

1. Among other things, Belk claimed that he was wrongfully terminated without cause and without just compensation under the employment contract. The employment contract provides that if Belk is terminated without cause during the first year of his employment, he is entitled to additional compensation of $300,000.

ment Contract of February 2, 2010, is enforceable." Accordingly, the court ordered arbitration to comply with and be governed by the provisions of Chapter 102 of the Texas Labor Code, "per the enforceable Employment Contract." A week later, on November 9, the trial court signed an "Order Regarding Arbitration" clarifying the prior order. In the November 9 order, the trial court stated its finding that paragraph 6.02 of the employment contract "contained a merger clause resulting in a novation of the January 25, 2010 arbitration agreement" and therefore the court compelled arbitration under paragraph 6.04 of the employment contract. The court's order further recited that "[a]ll factual and legal issues regarding the February 2, 2010 employment agreement other than whether it existed despite the absence of [La Fiesta's] signature will be determined by the arbitrator(s)."

## II

■ As an initial matter, Belk contends that La Fiesta and Tubbs are attempting to appeal the trial court's order compelling arbitration, which is an unappealable interlocutory order. *See Gathe v. Cigna Healthplan of Tex. Inc.,* 879 S.W.2d 360, 362 (Tex.App.-Houston [14th Dist.] 1994, writ denied) ("The general Texas statute permitting appeal of interlocutory orders does not include an order compelling arbitration as one of those that may be appealed."). Belk specifically points out that the Texas Civil Practice and Remedies Code does not include orders compelling arbitration as an appealable interlocutory order. *See* Tex. Civ. Prac. & Rem.Code §§ 51.014, 171.098.

Appellants respond that Texas Civil Practice and Remedies Code section 51.016 provides jurisdiction. Section 51.016 pro-

vides that, in a matter subject to the FAA, a party may appeal from a "judgment or interlocutory order ... under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. Section 16." Tex. Civ. Prac. & Rem.Code § 51.016. Section 16 of the FAA, titled "Appeals," provides:

(a) An appeal may be taken from—

(1) an order—

(A) refusing a stay of any action under section 3 of this title,

(B) denying a petition under section 4 of this title to order arbitration to proceed,

(C) denying an application under section 206 of this title to compel arbitration,

(D) confirming or denying confirmation of an award or partial award, or

(E) modifying, correcting, or vacating an award;

(2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

(3) a final decision with respect to an arbitration that is subject to this title.

9 U.S.C. § 16(a).

The appellants argue that the trial court denied their motion to compel arbitration under the arbitration agreement. They further argue that because the arbitration agreement invokes the FAA, appellants may take an interlocutory appeal from the trial court's order "denying a petition under section 4 of this title to order arbitration to proceed." *See* 9 U.S.C. § 16(a)(1)(B). Alternatively, to the extent the order is not immediately appealable, the appellants "formally move the Court to treat this appeal as a mandamus petition."[2] *See CMH Homes v. Perez,* 340

---

2. The Supreme Court of Texas issued *CMH Homes* after the parties filed their briefs but

before our original opinion issued. We requested that the parties provide additional

S.W.3d 444, 447–52, 454 (Tex.2011) (holding court of appeals correctly determined it lacked jurisdiction to hear interlocutory appeal from trial court's order appointing an arbitrator, but remanding case back to court of appeals to consider mandamus relief requested in the alternative).

▆▆▆ This court must independently determine whether it has jurisdiction over an appeal, even if no party contests jurisdiction. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex.2004) (per curiam). Unless a statute specifically authorizes an interlocutory appeal, appellate courts have jurisdiction over final judgments only. *CMH Homes*, 340 S.W.3d at 447; *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001). We construe statutes granting interlocutory appeals strictly because they comprise a narrow exception to the general rule that interlocutory orders are not immediately appealable. *See, e.g., CMH Homes*, 340 S.W.3d at 447; *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 841 (Tex.2007); *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001).

▆▆▆ As this court has previously explained, "[t]he substance and function of the order viewed in the context of the record controls our interlocutory jurisdiction." *McReynolds v. Elston*, 222 S.W.3d 731, 738 (Tex.App.-Houston [14th Dist.] 2007, no pet.). In *McReynolds v. Elston*, a case involving competing arbitration agreements, the trial court granted Elston's request for arbitration under a partnership agreement and denied McReynolds's request for arbitration under a later-executed settlement agreement. *Id.* at 737. McReynolds filed an interlocutory appeal and, in an abundance of caution, a petition for writ of manda-

mus. *Id.* at 738. Elston argued that interlocutory appeal was not available to McReynolds because the trial court's order did not deny McReynolds the right to arbitration, it merely allowed a pending arbitration under the partnership agreement to continue. *Id.* This court disagreed with Elston's argument, reasoning that the trial court's order denied McReynolds's potential contractual right to arbitration under the settlement agreement. *Id.* Accordingly, the court concluded that it had jurisdiction over McReynold's interlocutory appeal, and denied the mandamus. *Id.* at 739.

Similarly, Belk contends the trial court's order did not deny arbitration, it compelled arbitration, and therefore this court lacks jurisdiction over this interlocutory appeal. But the trial court's order did not compel arbitration under the arbitration agreement as the appellants requested. Indeed, the trial court's first order expressly denied the appellants' motion to compel arbitration under the arbitration agreement, and the court's second order implicitly denied the requested relief by compelling arbitration under Paragraph 6.04 of the employment contract rather than the arbitration agreement. And, although the appellants acknowledged below that the employment contract also provided for arbitration, they did not request arbitration pursuant to that contract. Therefore, we conclude that the trial court's orders denied the appellants' their potential contractual right to arbitration under the FAA as provided in the arbitration agreement. Accordingly, we have jurisdiction over this interlocutory appeal. *See id.; see also* Tex. Civ. Prac. & Rem. Code § 51.016; 9 U.S.C. § 16(a)(1)(B).

briefing concerning the effect, if any, of *CMH Homes* on the issues raised in this appeal. In their letter brief filed in response to our re-

quest, the appellants requested that we consider their appellate brief as a petition for mandamus if necessary.

■■ Even if we are in error, mandamus relief remains potentially available to the appellants, as "mandamus is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal, as when a party is erroneously denied its contracted-for arbitration rights under the FAA." *See CMH Homes,* 340 S.W.3d at 452; *see also Aspen Tech., Inc. v. Shasha,* 253 S.W.3d 857, 861 & n. 1 (holding that, even though interlocutory appeal may appear to provide adequate relief, mandamus relief remained available when trial court erroneously denied appellant's request for arbitration under the FAA as provided in a 2006 agreement between it and appellee, and instead ordered arbitration under a 2001 agreement between the parties).[3] And, for the reasons explained below, our resolution of the issues presented would be the same.

## III

### A

■ In their first and third issues, the appellants contend the trial court erred by denying their motion to compel arbitration under the employment contract based on affirmative defenses that attack the continued validity of an arbitration agreement—as opposed to its existence—and by making conclusions on fact issues reserved for the arbitrator or jury. In determining whether to compel arbitration, the court must decide two issues: (1) whether a valid, enforceable arbitration agreement exists, and (2) if so, whether the claims asserted fall within the scope of the agreement. *See In re Kellogg Brown & Root, Inc.,* 166 S.W.3d 732, 737 (Tex. 2005); *Valero Energy Corp. v. Teco Pipeline Co.,* 2 S.W.3d 576, 581 (Tex.App.-Houston [14th Dist.] 1999, no pet.). Whether the parties have agreed to arbitrate is a question of fact to be summarily determined by the trial court. *Valero,* 2 S.W.3d at 581. We give deference to the fact finder's determination of fact questions, but legal conclusions are subject to de novo review. *See id.* at 581–82 De novo review is appropriate when the legal interpretation of the arbitration clause, and no fact issue, is before the court. *Id.* at 582.

The appellants argue they produced a valid arbitration agreement which was mutually binding and signed by both parties, and Belk did not dispute that he signed it. Further, the appellants contend Belk's affirmative defenses of mutual mistake and fraudulent inducement are without merit. As to mutual mistake, the appellants contend that Belk attempted to support this defense with the appellants' responses to requests for disclosure (in which La Fiesta denied entering into any contracts or agreements with Belk) to prove there was no meeting of the minds. But, as the appellants had amended those responses, the appellants argue their original responses were inadmissible. *See* Tex.R. Civ. P. 194.6. As to fraudulent inducement, the appellants assert that Belk's defense went to the contract as a whole, not the arbitration provision specifically, and therefore this defense failed as well. *See Forest Oil Corp. v. McAllen,* 268 S.W.3d 51, 56 (Tex.2008) ("While an arbitration agreement procured by fraud is unenforce-

---

3. A writ of mandamus will issue to correct a clear abuse of discretion for which the remedy by appeal is inadequate. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). With respect to factual issues, an abuse of discretion is shown if the trial court could reasonably have reached only one decision and failed to do so. *Id.* at 839–40. With respect to questions of law, however, a trial court has no discretion. *Id.* at 840. Therefore, "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Id.*

able, the party opposing arbitration must show that the fraud relates to the arbitration provision specifically not to the broader contract in which it appears."). The appellants also contend Belk provided no evidence of any false statements to support the fraudulent-inducement defense.

In its appellate brief, Belk does not respond to the appellants' challenges to his defenses of mutual mistake and fraudulent inducement. Instead, he argues that the trial court correctly concluded that the employment contract is a valid and enforceable contract that supersedes the earlier arbitration agreement, because the employment contract contains an arbitration clause and a merger clause providing that its terms and conditions supersede all previous agreements between the parties. Thus, Belk urges, the employment contract rendered the arbitration agreement invalid and non-binding.

The appellants, however, frame the issue differently. They contend that Belk does not attack the existence of the arbitration agreement; rather, he attacks its "continued validity and enforceability." Belk does this, the appellants argue, by acknowledging that a valid arbitration clause once existed under the January 25 arbitration agreement, but also insisting that it merged into the later employment contract and ceased to be viable. According to the appellants, once the arbitration agreement was found to exist, any issue concerning merger should have been decided by an arbitrator. *See In re Morgan Stanley Co.,* 293 S.W.3d 182 (Tex.2009). In *Morgan Stanley,* the Supreme Court of Texas explained:

> [W]here the very existence of an agreement is challenged, ordering arbitration could result in an arbitrator deciding that no agreement was ever formed. Such an outcome would be a statement that the arbitrator *never* had any au-

thority to decide the issue. A presumption that a signed document represents an agreement could lead to this untenable result. We therefore conclude that where a party attacks the very existence of an agreement, *as opposed to its continued validity or enforcement,* the courts must first resolve that dispute. *Id.* at 189 (citing *Will–Drill Res., Inc. v. Samson Res. Co.,* 352 F.3d 211, 219 (5th Cir.2003) (emphasis added)); *see also In re Permian Tank & Mfg., Inc.,* 306 S.W.3d 338, 340–41 (Tex.App.-Eastland 2010, orig. proceeding) (holding that issue whether arbitration agreement employee signed was revoked by employer's adoption of benefit plan was directed to the validity of the agreement as a whole and therefore was matter for arbitrator rather than trial court).

■■■■■ We disagree that, in this case, the trial court's consideration of the issue whether the employment contract's arbitration provision superseded the arbitration agreement was a matter for the arbitrator, not the court. Whether there is a valid and enforceable agreement to arbitrate is a legal question subject to de novo review. *J.M. Davidson, Inc. v. Webster,* 128 S.W.3d 223, 227 (Tex.2003). If the trial court finds a valid agreement, the burden shifts to the party opposing arbitration to raise an affirmative defense to enforcing arbitration. *Id.* Although both Texas and federal courts have expressed a strong presumption favoring arbitration, this presumption arises only after the party seeking to compel arbitration proves that a valid arbitration agreement exists, applying traditional contract principles. *Id.; see Forest Oil,* 268 S.W.3d at 56.

In *Valero Energy Corp. v. Teco Pipeline Co.,* this court addressed whether an arbitration clause had been revoked by a subsequent settlement agreement between the parties. 2 S.W.3d 576, 586 (Tex.App.-

Houston [14th Dist.] 1999, no pet.). We recognized that the issue was for the trial court to determine because "[w]ithout an agreement to arbitrate, arbitration cannot be compelled." *Id.* (citing *Freis v. Canales*, 877 S.W.2d 283, 284 (Tex.1994)). After considering the subsequent settlement agreement between the parties, we held that it modified only certain enumerated provisions in the parties' original contract and that the arbitration clause was not one of them. *Id.* at 589.

■ *Valero* is analogous to the present case. Below, the appellants took the position that that the employment contract was not enforceable because it was unsigned or unauthorized, and therefore it could not supersede the arbitration agreement. At the evidentiary hearing on the appellants' motion to compel, the trial court concluded that, even though the employment contract was not signed by a representative of La Fiesta, the testimony of La Fiesta's CEO, Robert Edenfield, supplied sufficient evidence that there had been a valid offer and acceptance of the employment contract.[4] The court determined that, because the employment contract was valid and enforceable, the arbitration agreement was merged into the employment contract and so no longer existed.

■ On appeal, the appellants do not challenge the evidence presented or the trial court's conclusion; they instead contend the trial court should only have summarily decided whether the arbitration agreement was valid and enforceable, and

the trial court should not have entertained defenses attacking a valid arbitration agreement's continued validity or enforcement. But as this court has previously held, it is the trial court's duty to determine whether a later agreement between the parties revokes an arbitration clause, because the court must determine the threshold issue of whether a valid arbitration agreement exists. *Id.* at 586. Other courts have held similarly. *See, e.g., In re Bath Junkie Franchise, Inc.*, 246 S.W.3d 356, 364 (Tex.App.-Beaumont 2008, orig. proceeding) (holding that when determining whether a later agreement between the parties operated as a novation of an earlier contract containing an arbitration clause, the determination lies with the court, not the arbitrator); *TransCore Holdings, Inc. v. Rayner*, 104 S.W.3d 317, 322–23 (Tex.App.-Dallas 2003, pet. denied) ("Before compelling arbitration, the trial court must determine whether a subsequent agreement between the parties released them from their previous agreement to arbitrate.")

■ The appellants contend, however, that the reasoning of these cases is inconsistent with *Morgan Stanley*, in which the Supreme Court concluded that "where a party attacks the very existence of an agreement, *as opposed to its continued validity or enforcement*, the courts must first resolve that dispute." 293 S.W.3d at 189 (emphasis added). We note that the *Morgan Stanley* court held that contract-formation defenses, including whether the signor lacked the mental capacity to assent to the contract, were matters for the court,

4. A contract containing mutual obligations that has been reduced to writing and signed by one of the parties can be accepted by the non-signing party by their conduct, thus making it a binding agreement on both parties. *See Hearthshire Braeswood Plaza Ltd. P'ship v. Bill Kelly Co.*, 849 S.W.2d 380, 392 (Tex.App.-Houston [14th Dist.] 1993, writ denied); *see*

*also Jones v. Citibank (S.D.), N.A.*, 235 S.W.3d 333, 338 (Tex.App.-Fort Worth 2007, no pet.) ("Under Texas law, if one party signs a contract, the other may accept by her acts, conduct, or acquiescence to the terms of the contract, making it a binding agreement on both parties.").

not the arbitrator, to decide. *Id.* at 189–90. Moreover, the court noted with approval a legal scholar's comment that "[t]o send a dispute to arbitration where 'not only' the arbitration clause itself, but 'also,' in addition, the 'entire' agreement is subject to challenge, is to lose sight of the only important question—which is the existence of a legally enforceable assent to submit to arbitration." *Id.* at 190. We conclude, contrary to the appellants, that *Morgan Stanley* does not conflict with our prior precedent and does not compel a different result.[5]

We overrule the appellants' first and third issues.

### B

In their second and fourth issues, the appellants contend the trial court erred by conducting an evidentiary hearing when Belk failed to create a genuine issue of material fact through his pleadings and affidavits. They also contend the trial court erred by depriving the appellants of reasonable notice of a trial on the merits on issues potentially dispositive to the outcome of the entire case, namely, whether the employment contract was valid and enforceable. Specifically, the trial court should have summarily decided only whether the arbitration agreement was valid and enforceable, as no other issue was properly before it. The appellants argue that by considering whether the employment agreement superseded the arbitration agreement, the trial court "effectively conducted a severed trial on the merits without proper notice to the parties" on an issue set for a later summary-judgment hearing. As support, they point to Texas Rule of Civil Procedure 166a(c), which provides non-movants with at least twenty-one days' notice and mandates that no oral testimony shall be received at the hearing. In response, Belk maintains that the trial court's action was authorized by Texas Civil Practice and Remedies Code section 171.021.

■ Texas Civil Practice and Remedies Code section 171.021 allows trial courts to "summarily determine" the issue of whether to compel a party to arbitrate its claims. Tex. Civ. Prac. & Rem.Code § 171.021; *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 269 ("[W]e hold that the trial court may summarily decide whether to compel arbitration on the basis of affidavits, pleadings, discovery, and stipulations."). But if the material facts necessary to determine the proper disposition of a motion to compel arbitration are controverted by an opposing affidavit or otherwise admissible evidence, the trial court must conduct an evidentiary hearing to determine the disputed material facts. *Jack B. Anglin Co.,* 842 S.W.2d at 269.

■ The record reflects that the appellants filed their motion to compel arbitration and obtained a hearing date. Belk argued in his responsive document that,

---

5. The appellants also contend the trial court's action is inconsistent with *In re Permian Tank & Manufacturing., Inc.,* 306 S.W.3d 338, 340–41 (Tex.App.-Eastland 2010, orig. proceeding), in which the court, citing *Morgan Stanley,* held that whether a former employee's contention that an arbitration agreement he signed was revoked by the employer's adoption of an occupational injury benefit plan which included an arbitration agreement was an issue for the arbitrator rather than the court. But this case is distinguishable because the benefit plan contained no language expressly revoking the earlier arbitration agreement, and the former employee did not dispute that he was subject to the terms of the benefit plan or contend that the plan's arbitration provision was invalid. Moreover, to the extent our holding is inconsistent with *Permian,* we believe we have taken the wise course. We are not obligated to follow the holdings of other courts of appeals. *See, e.g., Mitchell v. John Wiesner, Inc.,* 923 S.W.2d 262, 264 (Tex.App.-Beaumont 1996, no writ).

among other things, a valid employment contract existed that contained an arbitration clause and a merger clause. In support of this argument, Belk presented a true and accurate copy of the employment agreement supported by Belk's affidavit attesting to his signature. Belk also attested that Edenfield represented to him that La Fiesta and Tubbs had approved the terms for hiring him, that the company's attorney had prepared the employment contract, and that Edenfield and Tubbs approved the employment contract. Belk further argued that the employment contract contained an arbitration clause and a merger clause which provided that its terms and conditions superseded all previous agreements between the parties. Thus, Belk's evidence raised fact issues material to the disposition of the motion to compel arbitration.[6] To determine whether a valid arbitration agreement existed, as discussed above, the trial court properly conducted an evidentiary hearing as provided under section 171.021 of the Civil Practice and Remedies Code.

 Moreover, we disagree that the appellants were prejudiced by the trial court's evidentiary hearing on their own motion. The record reflects that the motion to compel was set for October 18, 2010, but was continued until October 25, 2010. On that day, at the start of the hearing, the trial court announced:

My understanding is . . . that I'm supposed to summarily determine whether or not there is an enforceable arbitration provision. And my understanding is that it's necessary to conduct an evidentiary hearing to make a determination only to the issue as to whether you have a valid, enforceable arbitration agreement; and then if I find that exists, it goes to arbitration and everything else gets dealt with by the arbitrator, discovery issues, etc.

And, at the conclusion of the hearing, the trial court stated "there is no question everybody had notice as to what was set for hearing today was [the] motion to compel arbitration and so that is what I heard. I didn't hear a summary judgment." The appellants point to nothing to the contrary.

Based on the record before us, the appellants had sufficient notice of Belk's assertion, supported by evidence, that the arbitration agreement was not enforceable because it had been superseded by the employment contract's arbitration clause. Moreover, the trial court did not err when it held an evidentiary hearing to determine whether a valid arbitration agreement existed. *See Jack B. Anglin Co.*, 842 S.W.2d at 269. We therefore overrule the appellant's second and fourth issues.

### C

In their fifth issue, the appellants contend the trial court erred by granting relief that was not requested by either party instead of simply denying their motion to compel arbitration under the arbitration agreement. They assert that they sought arbitration only under the arbitration pro-

---

6. We acknowledge that Belk's response was presented as a combined response to the motion to compel and a motion for partial summary judgment, but disagree that the appellants were not put on notice of Belk's argument. On the first page of the document, Belk requested a continuance, stating that "[t]he substantive arguments and support evidence of Plaintiff's motion directly pertains to the arbitration issue currently set to be heard on October 18, 2010." Belk's argument also included a section titled "Merger: Arbitration Agreement Superseded" in which he outlined his argument that the employment agreement superseded the arbitration agreement. And, we note that the trial court had no difficulty understanding the substantive dispute at the hearing on the appellants' motion to compel arbitration.

vision, and under section 171.021(b) of the Texas Civil Practice and Remedies Code, the trial court was required to consider only the issue of whether the arbitration agreement was valid, and if not, then to deny the motion to compel arbitration. *See* Tex. Civ. Prac. & Rem.Code § 171.021(b) ("If the court does not find for [the party moving to compel arbitration], the court shall deny the application."). The appellants also analogize to summary-judgment law proscribing a trial court from granting more relief than was requested. *See In re Jebbia*, 26 S.W.3d 753, 756 26 S.W.3d 753, 756–57 (Tex.App.-Houston [14th Dist.] 2000, no pet.) ("A summary motion to compel arbitration is essentially a motion for partial summary judgment."); *LaGoye v. Victoria Wood Condo. Ass'n*, 112 S.W.3d 777, 786 (Tex. App.-Houston [14th Dist.] 2003, no pet.) (stating that a trial court "cannot grant more relief than was requested by a motion for summary judgment"). Finally, the appellants assert in the alternative that even if the trial court properly consider any portion of the employment contract's validity, courts have "a duty to determine the validity of an arbitration clause contained in a contract separately from the validity of the contract itself," *Henry v. Gonzalez*, 18 S.W.3d 684, 690 (Tex.App.-San Antonio 2000, pet. dism'd), because "an arbitration provision is severable from the remainder of the contract." *In re Morgan Stanley*, 293 S.W.3d at 186 (citing *Buckeye Check Inc. v. Cardegna*, 546 U.S. 440, 445, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006)).

▪ Belk responds that, even though the trial court did not compel arbitration under the specific provision the appellants raised, the trial court granted the relief requested—arbitration. Although we do not necessarily agree that Belk's argument would apply in every circumstance, given the facts of this case, we agree that the court did not err or abuse its discretion. Here, the appellants moved to compel arbitration under the arbitration agreement, which called for arbitration governed by the FAA and according to the Commercial Rules of the American Arbitration Association. In contrast, the employment contract's arbitration clause (which apparently was drafted by La Fiesta's lawyer) provided for arbitration governed by the provision of Chapter 102 of the Texas Labor Code and specifically outlined the procedure for appointing the arbitrators.

After Belk raised the issue that the arbitration agreement the employment contract's arbitration clause superseded the arbitration agreement, the appellants pointed out in their reply brief that "Section 6.04 of the [employment contract] Plaintiff seeks to enforce also has [an] arbitration provision. Thus, even if the Court finds the January 25, 2010 arbitration agreement unenforceable, this cause will still be arbitrated." Moreover, at the hearing on the motion to compel, the appellants asserted at the outset that they contended that the arbitration clause of the employment agreement was "a separate, stand[-]alone independent agreement to arbitrate" that was "enforceable notwithstanding and in spite of the fact that the formal employment agreement itself fails for a variety of reasons." The trial court could have understood from these arguments that the appellants sought to compel arbitration under either provision. Accordingly, once the trial court determined that the employment contract's arbitration provision superseded the arbitration agreement, it ordered the parties to arbitration under the employment contract's arbitration provision.

On appeal, the appellants make no argument whatsoever that the trial court's order compelling arbitration under the

employment contract rather than the arbitration agreement has prejudiced them or otherwise caused the rendition of an improper judgment. *See* Tex.R.App. P. 44.1(a). In fact, they do not draw any distinction at all between arbitration governed by one as opposed to the other. In this circumstance, we cannot say the trial court abuse its discretion in compelling arbitration.

Further, although the appellants contend the trial court found the entire employment contract to be valid and enforceable, the trial court's order of November 9 made clear that it "found Paragraph 6.04 [of the employment contract] to be applicable because the February 2, 2010 employment agreement of which Paragraph 6.04 was a part existed despite the absence of Defendants' signature.... All factual and legal issues regarding the February 2, 2010 employment agreement other than whether it existed despite the absence of Defendants' signature will be determined by the arbitrator(s)." Thus, the trial court expressly ruled that the arbitration clause existed and therefore was valid and enforceable, but left all other issues to the arbitrator. Ultimately, the trial court did not, as the appellants maintain, order that the entire employment contract was valid and enforceable for all purposes.

\* \* \*

Having found no merit in the appellants' issues, we affirm the trial court's judgment ordering the parties to arbitration.