# NO. 12-12-00147-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL GLEN HUBBARD AND JAMIE CAROL HUBBARD, APPELLANTS* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *JACKSON HEIGHTS VOLUNTEER FIRE DEPARTMENT, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Michael Glen Hubbard and Jamie Carol Hubbard appeal the trial court's summary judgment in favor of Jackson Heights Volunteer Fire Department (JHVFD). The Hubbards raise seven issues on appeal. Because the Hubbards attempt to appeal an interlocutory order of the trial court, we dismiss the appeal for want of jurisdiction.

## BACKGROUND

Michael Hubbard, who sold emergency equipment to fire departments, contacted JHVFD about an emergency vehicle manufactured by Marion Body Works, Inc. (Marion).[1] Eventually, JHVFD agreed to purchase the vehicle and some additional equipment for $320,000. The parties entered into a contract in which Red River EVS was named as the seller and JHVFD was named as the buyer.[2] JHVFD obtained financing, and a check for $320,000 was sent to the Hubbards. Jamie Hubbard endorsed the check.

---

[1] The facts contained in the record are scant and somewhat undeveloped. For example, it is unclear from the record whether Jamie Hubbard also sold equipment to fire departments.

[2] The contract states that the purchase price was $300,000, but affidavit testimony established that $320,000 was the amount actually paid.

The Hubbards never paid Marion for the equipment. Because Marion had not been paid, it withheld the title to the emergency vehicle from JHVFD. When the Hubbards were confronted with their failure to pay Marion, they agreed that they would wire Marion the money, but they failed to do so.

JHVFD sued the Hubbards and Marion for breach of contract and fraud. As part of its allegation of fraud, JHVFD sought punitive damages. Apparently, JHVFD nonsuited its claims against Marion in exchange for receipt of the title to the emergency vehicle.[3] It then filed a motion for summary judgment as to its claims against the Hubbards. The Hubbards filed multiple objections to JHVFD's summary judgment evidence and a response to JHVFD's motion. The trial court did not rule on the objections.

The trial court granted JHVFD's motion for summary judgment and signed a written order memorializing its ruling. The order contains a paragraph relating to JHVFD's request for punitive damages, which has been marked out. The order also contains a recitation that "[a]ll other relief not granted is denied." The Hubbards timely filed a notice of appeal.

## JURISDICTION

We must independently determine whether we have jurisdiction over an appeal, even if no party contests jurisdiction. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam); *Tex. La Fiesta Auto Sales, LLC v. Belk*, 349 S.W.3d 872, 878 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Generally, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* *Ogletree v. Mathews*, 262 S.W.3d 316, 319 n.1 (Tex. 2007) (stating that unless a statute specifically authorizes an interlocutory appeal, appellate courts have jurisdiction over final judgments only). A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record. *Lehmann*, 39 S.W.3d at 195.

We presume that a trial court's judgment following a trial on the merits is final. *In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 829 (Tex. 2005). But there is no presumption of finality following a summary judgment. *Id*. Instead, a summary judgment is presumed to dispose of only those issues expressly presented to the trial court, not

---

[3] The nonsuit is referenced in the pleadings, but the record does not contain a notice of nonsuit or order of nonsuit relating to JHVFD's claims against Marion.

2

all issues in the case. ***City of Beaumont v. Guillory***, 751 S.W.2d 491, 492 (Tex. 1988). While a notation that "all relief not expressly granted herein is denied" indicates that a post-trial judgment is final, it does not establish the finality of a summary judgment. *See **Lehmann***, 39 S.W.3d at 203-04.

The trial court's order granting summary judgment does not specifically address JHVFD's claim for punitive damages. Because the paragraph in the judgment pertaining to punitive damages is marked out, it appears that the trial court denied summary judgment on JHVFD's request for punitive damages. *See **Lancer Ins. Co. v. Garcia Holiday Tours***, 345 S.W.3d 50, 59 (Tex. 2011) (denial of summary judgment is interlocutory order over which appellate court generally lacks jurisdiction). Moreover, the order does not include unequivocal language that indicates finality. *See **In re Burlington Coat Factory Warehouse of McAllen, Inc.***, 167 S.W.3d at 830. Thus, JHVFD's punitive damage claim remains pending. Consequently, the order is interlocutory, and we have no jurisdiction over this appeal. *See **id***.

## DISPOSITION

Because we have held that the trial court's order granting JHVFD's motion for summary judgment is interlocutory, we ***dismiss*** the appeal ***for want of jurisdiction***.

**BRIAN HOYLE**
Justice

Opinion delivered November 21, 2012.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 21, 2012**

**NO. 12-12-00147-CV**

**MICHAEL GLEN HUBBARD AND JAMIE CAROL HUBBARD**,
Appellants
V.
**JACKSON HEIGHTS VOLUNTEER FIRE DEPARTMENT**,
Appellee

Appeal from the 7th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 10-1743-A)

THIS CAUSE came to be heard on the appellate record and briefs filed herein; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

4