**Affirmed and Memorandum Opinion filed January 8, 2013.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-11-01109-CV

**JAMES RAMEY AND ELLA RAMEY, Appellants**

**V.**

**BANK OF AMERICA, N.A. AND BAC HOME LOANS SERVICING, L.P.**
**F/K/A COUNTRYWIDE HOME LOANS SERVICING, L.P., Appellees**

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-09036**

## MEMORANDUM OPINION

Appellants James and Ella Ramey, appearing pro se, appeal the trial court's order granting summary judgment against them. We affirm.

### BACKGROUND

This appeal arises out of the foreclosure and sale of real property located at 15206 Dawnbrook Drive in Houston. The property was sold on September 6,

2005, but the Rameys have refused to vacate the premises and have repeatedly brought suit to challenge the validity of the sale. After several years of litigation not directly relevant to the questions posed in this appeal, the Rameys filed Plaintiff's Original Petition for Wrongful Foreclosure on February 11, 2011. The petition named three defendants: Bank of America, N.A., BAC Home Loans Servicing, L.P., f/k/a/ Countrywide Loans Servicing, L.P. (BAC), and Barrett Daffin Frappier Turner & Engel, L.L.P., individually and as trustee for BAC Home Loans Servicing (Barrett Daffin). Bank of America and BAC filed an answer asserting a general denial and affirmative defenses.

On August 11, 2011, the appellees moved for summary judgment and sanctions, arguing that the Rameys "repeatedly utilized the legal system to delay and harass" them.[1] The Rameys did not respond or appear at the hearing, and the trial court granted the appellees' motion for summary judgment on September 22.

On October 19, the Rameys moved for rehearing. They alleged that their then-attorney had not received notice of the appellees' motion until after the summary judgment hearing had taken place, and they requested a 90-day extension "to locate new counsel, and seek a new trial on the merits of this case." The appellees responded with email correspondence from the Rameys' attorney himself, acknowledging receipt, and a certified mail return receipt showing delivery of the motion for summary judgment to the Rameys' attorney. The trial court overruled the Rameys' motion. This appeal followed.

---

[1] Bankruptcy Judge Wesley W. Steen briefly summarizes and condemns the Rameys' tactics in his "Memorandum Opinion Regarding Order Enjoining James Ramey from Further Abuse of the Bankruptcy Courts and Process." *See In re Ramey*, Nos. 03-39386, 03-60254, 03-60351, 05-95620, 2009 WL 2046850 (Bankr. S.D. Tex. July 2, 2009).

# ANALYSIS

## I.      Jurisdiction

Before addressing the merits, we must first determine whether this appeal is within our jurisdiction. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam); *Tex. La Fiesta Auto Sales, LLC v. Belk*, 349 S.W.3d 872, 878 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Unless a statute specifically authorizes an interlocutory appeal, appellate courts have jurisdiction over final judgments only. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *La Fiesta Auto Sales*, 349 S.W.3d at 878. A judgment is final if it actually disposes of every pending claim and party. *Lehmann*, 39 S.W.3d at 205; *Seber v. Union Pac. R.R.*, 350 S.W.3d 640, 644 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

In granting the appellees' motion for summary judgment, the trial court ordered "that any and all claims asserted by Plaintiffs against Defendants Bank of America, N.A. and BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P. are hereby dismissed in their entirety with prejudice to Plaintiffs' right to refile same." The trial court's order did not address any of the Rameys' claims against Barrett Daffin. It was therefore an unappealable interlocutory order. *See Lehmann*, 39 S.W.3d at 205; *Seber*, 350 S.W.3d at 644.

However, while this appeal was pending, the trial court dismissed the Rameys' claims against Barrett Daffin for want of prosecution and expressly made its interlocutory order final. The Texas Rules of Appellate Procedure provide that, when a trial court modifies a judgment after the judgment has been appealed, appellate courts must treat the appeal as arising from the modified judgment. Tex. R. App. P. 27.3. Accordingly, we treat this appeal as arising from the final judgment below, and we proceed to determine its merits.

3

## II.  Notice

In their motion for rehearing, the Rameys alleged that their attorney had not learned of the motion for summary judgment until after judgment had been rendered.

It is unclear which standard of review we would apply in that case. *See Limestone Constr., Inc. v. Summit Commercial Indus. Props., Inc.*, 143 S.W.3d 538, 542-43 (Tex. App.—Austin 2004, no pet.).  The supreme court has expressly reserved the question of whether similar facts should be reviewed under the equitable *Craddock* standard or the *Carpenter* "good cause" standard.  *Id.*; *see Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 688 (Tex. 2002); *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939).

We need not decide that issue today.  The record conclusively establishes that the Rameys had notice of the summary judgment hearing nearly one month before it occurred.  That was ample time to seek a continuance or obtain permission to file a late response; when procedural remedies are available, *Craddock* does not apply. [2]  *Carpenter*, 98 S.W.3d at 686 (disapproving of the application of *Craddock* to a case in which the nonmovant's attorney admitted receiving notice prior to a summary judgment hearing but did not file a timely response) (citing *Medina v. W. Waste Indus.*, 959 S.W.2d 328, 330-31 (Tex. App.—Houston [14th Dist.] 1997, pet. denied)).

In their unsworn motion for rehearing, the Rameys alleged that neither they nor their attorney received notice of the summary judgment hearing until after it had occurred.  They offered no evidence in support of their motion, and the motion

---

[2] The purpose of the *Craddock* standard is to alleviate unduly harsh and unjust results at a point when the defaulting party has no other remedy available.  *Carpenter*, 98 S.W.3d at 685.

itself is not evidence. *See James v. Comm'n for Lawyer Discipline*, 310 S.W.3d 586, 590-91 (Tex. App.—Dallas 2010, no pet.). For the first time in this court, the Rameys attempt to rely on a voicemail from their attorney purportedly saying he had not received notice of the summary judgment hearing. The voicemail was not presented to the trial court, and as evidence outside of the record, we do not consider it. *See Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979); *In re Estate of Hutchins*, No. 05-12-01098, ___ S.W.3d ___, 2012 WL 5492749, at \*6 (Tex. App.—Dallas Nov. 13, 2012, no pet. h.). Nothing in the record supports the Rameys' claim that they did not receive notice.

Instead, the record clearly shows that the Rameys ***did*** receive notice — nearly one month before the September 22 hearing. Bank of America and BAC provided the trial court with email correspondence between their attorney and the Rameys' attorney regarding the motion for summary judgment and sanctions. On August 26, the Rameys' attorney promised "to read the motion and call [the appellees' attorney]." Further, Bank of America and BAC provided a certified mail return receipt for the motion that was addressed to the Rameys' attorney and indicated delivery on August 29. In the absence of any contradicting evidence, the email correspondence and the certified mail return receipt conclusively establish that the Rameys' attorney received notice nearly one month before the summary judgment hearing. Notice to the Rameys' attorney is imputed to the Rameys as a matter of law. *See, e.g., Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 584 (Tex. 2006); *In re Gravitt*, 371 S.W.3d 465, 472 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). Accordingly, the Rameys had notice of the hearing and must demonstrate good cause under *Carpenter*.

## III. Good Cause

Under *Carpenter*, a nonmovant should be allowed to file a late summary judgment response when it establishes good cause by showing that the failure to timely respond (1) was not intentional or the result of conscious indifference, but the result of accident or mistake, and (2) that allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment. *Carpenter*, 98 S.W.3d at 688. We review a trial court's ruling on a party's request to file a late summary judgment response for an abuse of discretion. *Id.*; *LeBlanc v. Lange*, 365 S.W.3d 70, 82 (Tex. App.—Houston [1st Dist.] 2011, no pet.). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Carpenter*, 90 S.W.3d at 687; *Breof BNK Tex., L.P. v D.H. Hill Advisors, Inc.*, 370 S.W.3d 58, 67 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

The Rameys argue a lack of notice as the sole excuse for their untimely summary judgment response, but the record does not support their position. We hold that the Rameys have failed to establish good cause and that the trial court did not abuse its discretion in denying their motion for rehearing. *See Carpenter*, 98 S.W.3d at 684.

## CONCLUSION

We affirm the trial court's judgment.

/s/    William J. Boyce
       Justice

Panel consists of Justices Boyce and McCally and Senior Justice Mirabal.[3]

---

[3] Senior Justice Margaret Garner Mirabal sitting by assignment.