**Petition for Writ of Mandamus Denied and Memorandum Opinion filed March 13, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-01067-CV

## IN RE TEXAS LA FIESTA AUTO SALES, LLC AND PATRICIA TUBBS, Relators

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**11th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-23318**

## MEMORANDUM OPINION

On November 27, 2013, relators Texas La Fiesta Auto Sales, LLC and Patricia Tubbs filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relators ask this Court to compel the Honorable Mike Miller, presiding judge of the 11th District Court of Harris County, to withdraw an order in which he: (1) determined that an arbitration

provision in a disputed employment contract is valid and enforceable; and (2) compelled the parties to arbitrate under that provision.

Generally, mandamus relief is appropriate only when the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze the law correctly or apply the law correctly to the facts of the case. *In re Cerberus Capital Mgmt.*, 164 S.W.3d 379, 382 (Tex. 2005) (per curiam) (orig. proceeding); *In re USA Waste Mgmt. Res., L.L.C.*, 387 S.W.3d 92, 96 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding). An appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). As the party seeking relief, the relator bears the burden of demonstrating entitlement to mandamus relief. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

Most of the issues presented in relators' petition previously were considered by this Court in the context of relators' interlocutory appeal in the underlying litigation. *See Texas La Fiesta Auto Sales, LLC v. Belk*, 349 S.W.3d 872 (Tex. App—Houston [14th Dist.] 2011, no pet.). In that opinion, this Court overruled each of the five issues presented and affirmed the trial court's decision. *Id.* at 882, 883, 885.

We decline relators' invitation to revisit this Court's prior decision via mandamus; relators have not presented any meritorious reason for us to do so, nor are we aware of any such reason. As for any issues presented in their mandamus petition not previously considered by this Court in the context of the prior appeal, relators have not satisfied their burden of demonstrating that they are entitled to mandamus relief.

Accordingly, we deny relators' petition for writ of mandamus.


PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Jamison.