**Affirmed and Memorandum Opinion filed August 13, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-23-00648-CV

## ROTARY DRILLRIGS INTERNATIONAL, S.A. DE C.V., Appellant

## V.

## CONTROL FLOW, INC., Appellee

**On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 2017-76133**

## MEMORANDUM OPINION

Can parties enter into a Rule 11 agreement to modify or supersede an existing arbitration agreement? *See* Tex. R. Civ. P. 11. We conclude they can. In two issues in this interlocutory appeal, appellant Rotary Drillrigs International, S.A. de C.V., argues that the trial court erred by (1) staying the arbitration proceeding it had initiated and (2) ordering the parties to proceed before a single arbitrator instead of three. We affirm the judgment of the trial court as challenged on appeal.

## I. BACKGROUND

Rotary Drillrigs, a Mexican-based business entity, filed suit in Harris County district court against numerous component manufacturers, including appellee Control Flow, Inc., for negligence and breach of contract, alleging that it had not received the ordered items despite paying Control Flow more than $1.6 million. Control Flow counterclaimed for breach of contract and declaratory judgment, alleging that it had constructed the equipment per the purchase order and that Rotary Drillrigs had not paid Control Flow the full amount due.

The trial court granted Control Flow's motion for summary judgment, dismissing Rotary Drillrigs's claims against Control Flow, leaving only Control Flow's counterclaims to be resolved. The contract between Rotary Drillrigs and Control Flow contained an arbitration provision, which provided:

> [A]ll claims, disputes, controversies . . . shall be determined by binding arbitration before three (3) arbitrators (one in case of controversies of $250,000.00 or less) in accordance with the Commercial Arbitration Rules of the American Arbitration Association (AAA). . . . If the amount in dispute is two hundred fifty thousand and no-dollars ($250,000.00) or less, the Parties will agree on one (1) arbitrator or AAA will select a single arbitrator.

At a hearing in December 2022, Garcia—counsel for Rotary Drillrigs—and Hill—counsel for Control Flow—informed the trial court of a Rule 11 agreement the parties had reached concerning the arbitration of Control Flow's claims:

> GARCIA: . . . . Your Honor may recall we had a hearing. We had a tentative agreement we were working on so the Court let us kind of work through that. We didn't get to it for one reason or another, but I think today Mr. Hill can report that his client, Control Flow and the Plaintiffs, do have an agreement to submit their case to arbitration.
>
> . . . .
>
> And I'd let the Court hear from Mr. Hill to see if he can confirm our

2

agreement.

. . . .

[HILL]: Judge, Mr. Garcia and I have had discussions. We've done a lot of work. There's been a lot of progress made. I'm here to put on the record, and he'll confirm it with me, that we've agreed to retired Judge John T. Woolridge, United States Navy Captain, JAG Officer and former Judge of the 269th as our — as our arbitrator, and that we will conduct our arbitration prior to the end of February.

We're going to get on the phone with him. I've already checked his electronic calendar. He's available the week of the 7th. I think that Mr. Garcia and I would probably be done in a day, maybe two at max. Ours are pretty limited things. It might take three, but, you know, I'm always trying to get things down the road.

Did I have it right, Albert — Mr. Garcia?

GARCIA: Your Honor, he does have it right. So I can confirm that is our agreement. So we have a Rule 11 Agreement. And that would dispose of Mr. Hill's objection.

Rotary Drillrigs initiated arbitration with AAA, and because Control Flow sought more than $250,000 in damages, Rotary Drillrigs insisted that two arbitrators in addition to Woolridge needed to be selected under the written arbitration provision of their contract. Control Flow claimed that under the Rule-11 agreement, the parties had agreed to proceed with a single arbitrator regardless of the damages sought.

Rotary Drillrigs filed a motion to compel arbitration, seeking to have the trial court compel arbitration before a three-arbitrator panel; according to Rotary Drillrigs, the Rule-11 agreement did not change the limit on monetary recovery or change the requisite number of arbitrators. Control Flow opposed the motion, alleging the Rule-11 agreement was a standalone agreement to arbitrate that supplanted the existing arbitration provision. A hearing was held on the motion,

3

but it was not recorded.

On August 23, 2023, the court signed the following order, "The Court orders Control Flow's counterclaim be referred to arbitration before a single arbitrator, namely Judge John T. Wooldridge, regardless of the amount of damages sought by Control Flow. The Court also stays the arbitration proceeding currently pending with the American Arbitration Association, making the AAA proceeding moot." Rotary Drillrigs appealed. *See* Tex. Civ. Prac. & Rem Code Ann. § 171.098(a)(1), (2) (permitting interlocutory appeal of order denying application to compel arbitration or granting application to stay arbitration).

## II.    ANALYSIS

### A.    Standard of review and applicable law

Orders granting or denying motions to compel arbitration are reviewed for an abuse of discretion. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). In doing so, we defer to the trial court on factual determinations that are supported by the evidence but review its legal determinations de novo. *Id.* . Because the trial court did not state a basis for its ruling in the order denying the motion to compel arbitration, we will infer that the trial court made all necessary findings and conclusions to support its arbitration order and we must uphold the trial court's ruling on any legal theory supported by the evidence. *See In re Estate of Guerrero*, 465 S.W.3d 693, 701 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).

Federal and state arbitration law share "many of the [same] underlying substantive principles," and the case law is therefore cited "interchangeably."[1] *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 56 n.10 (Tex. 2008). For a court to

---

[1] Rotary Drillrigs does not directly address whether their arbitration provision is governed by the federal or Texas law. However, regarding the issues relevant to this appeal, federal and state arbitration law does not materially differ.

compel arbitration, the moving party must establish (1) a valid agreement to arbitrate and (2) that the claims fall within the scope of that agreement. *See Rachal v. Reitz*, 403 S.W.3d 840, 843 (Tex. 2013). Ordinary principles of state law determine whether there is a valid agreement to arbitrate. *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 738 (Tex. 2005) (orig. proceeding).

Under Texas law, "the court shall summarily determine" opposition to an application to compel arbitration. Tex. Civ. Prac. & Rem. Code Ann. § 171.021(b). The summary process consists of reviewing affidavits, pleadings, discovery, and stipulations. *See Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 269 (Tex. 1992). If material facts are in dispute, then an evidentiary hearing must be held to resolve them. *Id.* The issue of whether the parties agreed to arbitrate is a question of fact for the trial court to resolve. *Texas La Fiesta Auto Sales, LLC v. Belk*, 349 S.W.3d 872, 879 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

**B.    Application**

The only real issue in this appeal is determining the extent to which the Rule-11 agreement modified the written arbitration agreement.[2] Control Flow argues the Rule-11 agreement modified or supplanted the written arbitration agreement so that they could pursue their claims before a single arbitrator, regardless of the monetary damages sought. Rotary Drillrigs argues that nothing in the Rule 11 agreement modified the requirement that arbitration be pursued through a three-arbitrator panel if Control Flow sought more the $250,000 in damages. Because Rotary Drillrigs's first issue regarding staying the AAA arbitration is directly related to, and dependent on, the second issue, we will address both issues together.

---

[2] There is no dispute (1) concerning the existence of a valid arbitration agreement and (2) the parties orally entered into a binding Rule 11 agreement.

An arbitration agreement may be revoked, modified, or supplanted—either in whole or in part—by a later agreement, including one made orally in court. *See Guillen-Chavez v. ReadyOne Indus., Inc.*, 588 S.W.3d 281, 288 (Tex. App.—El Paso 2019, pet. denied) ("An agreement made in open court to alter the terms of a written arbitration agreement is enforceable under Rule 11."); *Whataburger Rests., L.L.C. v. Cardwell*, 446 S.W.3d 897, 912 (Tex. App.—El Paso 2014), *rev'd on other grounds*, 484 S.W.3d 426 (Tex. 2016) (Rule 11 agreement to arbitrate in El Paso was enforceable notwithstanding forum-selection clause in written arbitration agreement to contrary); *Belk*, 349 S.W.3d at 881 ("[I]t is the trial court's duty to determine whether a later agreement between the parties revokes an arbitration clause, because the court must determine the threshold issue of whether a valid arbitration agreement exists."); *Roehrs v. FSI Holdings, Inc.*, 246 S.W.3d 796, 808 (Tex. App.—Dallas 2008, pet. denied) ("Parties to an arbitration agreement can later agree to modify its provisions regarding the composition of the arbitration panel.").

The Rule 11 agreement plainly states that the parties agreed to arbitrate before Woolridge. The Rule 11 agreement did not identify that additional arbitrators would need to be secured if the damages exceeded $250,000; it simply identified Woolridge as "our arbitrator," which could reasonably be interpreted as an indication that the parties had agreed to a single arbitrator, regardless of the amount in controversy. Control Flow's counsel further informed the trial court that he had confirmed Woolridge's availability and had hoped to finish arbitration within "a day, maybe two at max." This supports an implied finding that the parties agreed to a single arbitrator because the parties did not mention needing to find other arbitrators through AAA or needing to schedule their availability with Woolridge.

We conclude that the trial court did not abuse its discretion in ordering the parties to proceed with arbitration before Woolridge pursuant to the Rule 11 agreement. Accordingly, we also conclude that the trial court did not abuse its discretion by staying the AAA arbitration proceeding. We overrule Rotary Drillrigs's first and second issues.

## III. CONCLUSION

We affirm the order of the trial court as challenged on appeal.

/s      Charles A. Spain
         Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain.