Affirmed and Substitute Opinion on Rehearing filed September
15, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-01146-CV



Texas La Fiesta
Auto Sales, LLC and Patricia Tubbs,
Appellants

v.

William Belk, Appellee 



On Appeal from
the 11th District Court

Harris County, Texas

Trial Court
Cause No. 2010-23318



 

SUBSTITUTE OPINION 

            We
originally issued our opinion dismissing the appellants’ appeal on June 21, 2011. 
We deny the appellants’ motion for rehearing, vacate our earlier judgment,
withdraw our previous opinion, and issue this substitute opinion in its place. 

            In
this accelerated, interlocutory appeal, appellants Texas La Fiesta Auto Sales,
LLC, and Patricia Tubbs appeal the trial court’s order compelling arbitration. 
Specifically, they contend the trial court erred in (1) denying appellants’
motion to compel arbitration under a January 25 arbitration agreement and
instead compelling arbitration under a superseding agreement; (2) conducting an
evidentiary hearing on the motion to compel; (3) drawing legal conclusions
reserved for the arbitrator or jury; (4) depriving appellants of reasonable
notice of a trial on the merits; and (5) granting relief not requested by
either party.  In response, appellee William Belk asserts that this court lacks
jurisdiction to entertain a direct appeal of an order compelling arbitration
and, alternatively, that the trial court’s actions and order compelling
arbitration were proper.  

I

            Texas
La Fiesta Auto Sales is a used-automobile dealership.  Patricia Tubbs is the
president and managing member of La Fiesta.  In January 2010, William Belk went
to work for La Fiesta as a sales manager.  In connection with his employment,
Belk signed various documents, including an “Employee Arbitration Agreement”
dated January 25, 2010 (the “arbitration agreement”).  The arbitration
agreement provides that any arbitration will be governed by the Federal
Arbitration Act (“FAA”) and the American Arbitration Association:

Employer and Employee agree that all claims, demands,
disputes, controversies of every kind or nature that may arise between them and
concerning any issues surrounding the employment of the Employee shall be
settled by binding arbitration conducted pursuant to the provisions of 9 U.S.C.
Section 1 et seq. and according to the Commercial Rules of the American
Arbitration Association.

            Several
days later, La Fiesta provided Belk with an employment contract, which Belk
signed on February 2, 2010 (the “employment contract”).  For reasons not apparent
in the record, no representative of La Fiesta signed the employment contract.  

            The
employment contract contained the following merger clause:

            6.02.   This Agreement supersedes all previous
agreements between the Employee and the Employer, and contains the entire
understanding between the parties with respect to the subject matter specified
in this Agreement.  Each party to this Agreement acknowledges that no other
agreement, statement, or promise not contained in this Agreement shall be valid
or binding.  Any modification of this Agreement will be effective only if it is
in writing signed by the party to be charged.

The contract
also contained an arbitration provision that, unlike the January 25 arbitration
agreement, provided for arbitration under the Texas Labor Code:  

            6.04.   Any controversy between the parties to
this Agreement involving construction or application of any of the terms,
covenants, or conditions of this Agreement, shall on the written request of one
party served on the other, be submitted to a board of arbitration consisting of
three (3) persons, and such arbitration shall comply with and be governed by
the provisions of Chapter 102 of the Texas Labor Code.  . . . 

            Shortly
thereafter, Tubbs terminated Belk’s employment.  Belk sued La Fiesta and Tubbs,
asserting breach of the employment contract,[1]
promissory estoppel, fraudulent inducement, fraudulent conveyance, and
negligence.  La Fiesta moved to compel arbitration under the arbitration
agreement.  In response, Belk filed a single document containing a motion for
continuance, a motion for partial summary judgment, and a response to La
Fiesta’s motion to compel arbitration.  Belk argued, among other things, that a
valid employment contract existed between him and La Fiesta which superseded
the arbitration agreement.  La Fiesta responded, asserting that Belk failed to
present any arguments or evidence that would render the arbitration agreement
unenforceable.  La Fiesta also asserted that, even if the employment contract were
valid, it too contains an arbitration provision and thus “either way, this case
must be arbitrated.” 

            The
trial court held an evidentiary hearing on La Fiesta’s motion to compel
arbitration.  Belk presented testimony and submitted exhibits in support of his
position, but La Fiesta offered no evidence.  At the conclusion of the hearing,
the trial court orally ordered the parties to arbitration pursuant to paragraph
6.04 of the employment contract.

            On
November 2, 2010, the trial court signed an order compelling arbitration.  In
this order, the court denied in part La Fiesta’s motion to compel “on the
grounds that Paragraph 6.02 of the Employment Contract of February 2, 2010, supersedes
as a matter of law the stand-alone arbitration agreement dated January 25, 2010”
and granted the motion in part “on the basis that Paragraph 6.04 of the
Employment Contract of February 2, 2010, is enforceable.”  Accordingly, the
court ordered arbitration to comply with and be governed by the provisions of
Chapter 102 of the Texas Labor Code, “per the enforceable Employment Contract.”
 A week later, on November 9, the trial court signed an “Order Regarding
Arbitration” clarifying the prior order.  In the November 9 order, the trial
court stated its finding that paragraph 6.02 of the employment contract “contained
a merger clause resulting in a novation of the January 25, 2010 arbitration
agreement” and therefore the court compelled arbitration under paragraph 6.04
of the employment contract.  The court’s order further recited that “[a]ll
factual and legal issues regarding the February 2, 2010 employment agreement
other than whether it existed despite the absence of [La Fiesta’s] signature
will be determined by the arbitrator(s).”

II

            As
an initial matter, Belk contends that La Fiesta and Tubbs are attempting to
appeal the trial court’s order compelling arbitration, which is an unappealable
interlocutory order.  See Gathe v. Cigna Healthplan of Tex. Inc., 879
S.W.2d 360, 362 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (“The general
Texas statute permitting appeal of interlocutory orders does not include an
order compelling arbitration as one of those that may be appealed.”).  Belk
specifically points out that the Texas Civil Practice and Remedies Code does
not include orders compelling arbitration as an appealable interlocutory
order.  See Tex. Civ. Prac. & Rem. Code §§ 51.014, 171.098.

            Appellants
respond that Texas Civil Practice and Remedies Code section 51.016 provides
jurisdiction.  Section 51.016 provides that, in a matter subject to the FAA, a
party may appeal from a “judgment or interlocutory order . . . under the same
circumstances that an appeal from a federal district court’s order or decision
would be permitted by 9 U.S.C. Section 16.”  Tex. Civ. Prac. & Rem. Code
§ 51.016.  Section 16 of the FAA, titled “Appeals,” provides:

(a) An appeal may be taken from - -

(1) an order - -

(A) refusing a stay of any action under section 3 of this title,

(B) denying a petition under section 4 of this title to order arbitration
to proceed,

(C) denying an application under section 206 of this title to compel
arbitration, 

(D) confirming or denying confirmation of an award or partial award, or 

(E) modifying, correcting, or vacating an award; 

(2) an interlocutory order granting, continuing, or modifying an
injunction against an arbitration that is subject to this title; or 

(3) a final decision with respect
to an arbitration that is subject to this title.

9
U.S.C. § 16(a).  

            The
appellants argue that the trial court denied their motion to compel arbitration
under the arbitration agreement.  They further argue that because the
arbitration agreement invokes the FAA, appellants may take an interlocutory
appeal from the trial court’s order “denying a petition under section 4 of this
title to order arbitration to proceed.”  See 9 U.S.C. § 16(a)(1)(B).  Alternatively,
to the extent the order is not immediately appealable, the appellants “formally
move the Court to treat this appeal as a mandamus petition.”[2]  See
CMH Homes v. Perez, 340 S.W.3d 444, 447–52, 454 (Tex. 2011) (holding court
of appeals correctly determined it lacked jurisdiction to hear interlocutory
appeal from trial court’s order appointing an arbitrator, but remanding case
back to court of appeals to consider mandamus relief requested in the
alternative).

            This
court must independently determine whether it has jurisdiction over an appeal,
even if no party contests jurisdiction.  M. O. Dental Lab v. Rape, 139
S.W.3d 671, 673 (Tex. 2004) (per curiam).  Unless a statute specifically
authorizes an interlocutory appeal, appellate courts have jurisdiction over
final judgments only.  CMH Homes, 340 S.W.3d at 447; Lehmann v.
Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  We construe statutes
granting interlocutory appeals strictly because they comprise a narrow
exception to the general rule that interlocutory orders are not immediately
appealable.  See, e.g., CMH Homes, 340 S.W.3d at 447; Tex. A
& M Univ. Sys. v. Koseoglu, 233 S.W.3d 835, 841 (Tex. 2007); Bally
Total Fitness Corp. v. Jackson, 53 S.W.3d 352, 355 (Tex. 2001).

            As
this court has previously explained, “[t]he substance and function of the order
viewed in the context of the record controls our interlocutory jurisdiction.”  McReynolds
v. Elston, 222 S.W.3d 731, 738 (Tex. App.—Houston [14th Dist.] 2007, no pet.). 
In McReynolds v. Elston, a case involving competing arbitration
agreements, the trial court granted Elston’s request for arbitration under a
partnership agreement and denied McReynolds’s request for arbitration under a
later-executed settlement agreement.  Id. at 737.  McReynolds filed an
interlocutory appeal and, in an abundance of caution, a petition for writ of mandamus. 
Id. at 738.  Elston argued that interlocutory appeal was not available
to McReynolds because the trial court’s order did not deny McReynolds the right
to arbitration, it merely allowed a pending arbitration under the partnership
agreement to continue.  Id.  This court disagreed with Elston’s
argument, reasoning that the trial court’s order denied McReynolds’s potential
contractual right to arbitration under the settlement agreement.  Id. 
Accordingly, the court concluded that it had jurisdiction over McReynold’s
interlocutory appeal, and denied the mandamus.  Id. at 739.   

            Similarly,
Belk contends the trial court’s order did not deny arbitration, it compelled
arbitration, and therefore this court lacks jurisdiction over this
interlocutory appeal.  But the trial court’s order did not compel arbitration
under the arbitration agreement as the appellants requested.  Indeed, the trial
court’s first order expressly denied the appellants’ motion to compel
arbitration under the arbitration agreement, and the court’s second order
implicitly denied the requested relief by compelling arbitration under
Paragraph 6.04 of the employment contract rather than the arbitration agreement. 
And, although the appellants acknowledged below that the employment contract also
provided for arbitration, they did not request arbitration pursuant to that contract. 
Therefore, we conclude that the trial court’s orders denied the appellants’
their potential contractual right to arbitration under the FAA as provided in
the arbitration agreement.  Accordingly, we have jurisdiction over this
interlocutory appeal.  See id.; see also Tex. Civ. Prac. &
Rem. Code § 51.016; 9 U.S.C. § 16(a)(1)(B).  

            Even
if we are in error, mandamus relief remains potentially available to the
appellants, as “mandamus is proper to correct a clear abuse of discretion when
there is no adequate remedy by appeal, as when a party is erroneously denied
its contracted-for arbitration rights under the FAA.”  See CMH Homes, 340
S.W.3d at 452; see also Aspen Tech., Inc. v. Shasha, 253 S.W.3d 857, 861
& n.1 (holding that, even though interlocutory appeal may appear to provide
adequate relief, mandamus relief remained available when trial court
erroneously denied appellant’s request for arbitration under the FAA as
provided in a 2006 agreement between it and appellee, and instead ordered
arbitration under a 2001 agreement between the parties).[3]  And, for
the reasons explained below, our resolution of the issues presented would be
the same.

III

A

            In
their first and third issues, the appellants contend the trial court erred by
denying their motion to compel arbitration under the employment contract based
on affirmative defenses that attack the continued validity of an arbitration
agreement—as opposed to its existence—and by making conclusions on fact issues
reserved for the arbitrator or jury.  In determining whether to compel
arbitration, the court must decide two issues:  (1) whether a valid,
enforceable arbitration agreement exists, and (2) if so, whether the claims
asserted fall within the scope of the agreement.  See In re Kellogg
Brown & Root, Inc., 166 S.W.3d 732, 737 (Tex. 2005); Valero Energy
Corp. v. Teco Pipeline Co., 2 S.W.3d 576, 581 (Tex. App.—Houston [14th
Dist.] 1999, no pet.).  Whether the parties have agreed to arbitrate is a
question of fact to be summarily determined by the trial court.  Valero,
2 S.W.3d at 581.  We give deference to the fact finder’s determination of fact
questions, but legal conclusions are subject to de novo review.  See id. at
581–82.  De novo review is appropriate when the legal interpretation of the
arbitration clause, and no fact issue, is before the court.  Id. at 582.


            The
appellants argue they produced a valid arbitration agreement which was mutually
binding and signed by both parties, and Belk did not dispute that he signed
it.  Further, the appellants contend Belk’s affirmative defenses of mutual
mistake and fraudulent inducement are without merit.  As to mutual mistake, the
appellants contend that Belk attempted to support this defense with the
appellants’ responses to requests for disclosure (in which La Fiesta denied entering
into any contracts or agreements with Belk) to prove there was no meeting of
the minds.  But, as the appellants had amended those responses, the appellants
argue their original responses were inadmissible.  See Tex. R. Civ. P.
194.6.  As to fraudulent inducement, the appellants assert that Belk’s defense
went to the contract as a whole, not the arbitration provision specifically,
and therefore this defense failed as well.  See Forest Oil Corp. v. McAllen,
268 S.W.3d 51, 56 (Tex. 2008) (“While an arbitration agreement procured by
fraud is unenforceable, the party opposing arbitration must show that the fraud
relates to the arbitration provision specifically not to the broader contract
in which it appears.”).  The appellants also contend Belk provided no evidence
of any false statements to support the fraudulent-inducement defense.  

            In
its appellate brief, Belk does not respond to the appellants’ challenges to his
defenses of mutual mistake and fraudulent inducement.  Instead, he argues that
the trial court correctly concluded that the employment contract is a valid and
enforceable contract that supersedes the earlier arbitration agreement, because
the employment contract contains an arbitration clause and a merger clause providing
that its terms and conditions supersede all previous agreements between the
parties.  Thus, Belk urges, the employment contract rendered the arbitration
agreement invalid and non-binding.

            The
appellants, however, frame the issue differently.  They contend that Belk does
not attack the existence of the arbitration agreement; rather, he attacks its
“continued validity and enforceability.”  Belk does this, the appellants argue,
by acknowledging that a valid arbitration clause once existed under the January
25 arbitration agreement, but also insisting that it merged into the later
employment contract and ceased to be viable.  According to the appellants, once
the arbitration agreement was found to exist, any issue concerning merger should
have been decided by an arbitrator.  See In re Morgan Stanley Co., 293
S.W.3d 182 (Tex. 2009).  In Morgan Stanley, the Supreme Court of Texas
explained:

[W]here the very existence of an agreement is challenged,
ordering arbitration could result in an arbitrator deciding that no agreement
was ever formed.  Such an outcome would be a statement that the arbitrator never
had any authority to decide the issue.  A presumption that a signed document
represents an agreement could lead to this untenable result.  We therefore
conclude that where a party attacks the very existence of an agreement, as
opposed to its continued validity or enforcement, the courts must first
resolve that dispute.

Id.
at 189 (citing Will-Drill Res., Inc. v. Samson Res. Co., 352 F.3d 211,
219 (5th Cir. 2003) (emphasis added)); see also In re Permian Tank &
Mfg., Inc., 306 S.W.3d 338, 340–41 (Tex. App.—Eastland 2010, orig.
proceeding) (holding that issue whether arbitration agreement employee signed
was revoked by employer’s adoption of benefit plan was directed to the validity
of the agreement as a whole and therefore was matter for arbitrator rather than
trial court).

            We
disagree that, in this case, the trial court’s consideration of the issue
whether the employment contract’s arbitration provision superseded the
arbitration agreement was a matter for the arbitrator, not the court.  Whether
there is a valid and enforceable agreement to arbitrate is a legal question
subject to de novo review.  J.M. Davidson, Inc. v. Webster, 128 S.W.3d
223, 227 (Tex. 2003).  If the trial court finds a valid agreement, the burden
shifts to the party opposing arbitration to raise an affirmative defense to
enforcing arbitration.  Id.  Although both Texas and federal courts have
expressed a strong presumption favoring arbitration, this presumption arises
only after the party seeking to compel arbitration proves that a valid
arbitration agreement exists, applying traditional contract principles.  Id.;
see Forest Oil, 268 S.W.3d at 56.  

            In
Valero Energy Corp. v. Teco Pipeline Co., this court addressed whether
an arbitration clause had been revoked
by a subsequent settlement agreement between the parties.
 2 S.W.3d 576, 586 (Tex. App.—Houston [14th Dist.] 1999, no pet.).  We recognized
that the issue was for the trial court to determine because “[w]ithout an agreement to arbitrate, arbitration cannot be compelled.” Id.
(citing Fries v. Canales, 877 S.W.2d 283, 284 (Tex. 1994).  After
considering the subsequent settlement agreement between the parties, we held
that it modified only certain enumerated provisions in the parties’ original
contract and that the arbitration clause was not one of them.  Id. at
589.

            Valero
is analogous to the present case.  Below, the appellants took the position that
that the employment contract was not enforceable because it was unsigned or
unauthorized, and therefore it could not supersede the arbitration agreement.  At
the evidentiary hearing on the appellants’ motion to compel, the trial court
concluded that, even though the employment contract was not signed by a
representative of La Fiesta, the testimony of La Fiesta’s CEO, Robert
Edenfield, supplied sufficient evidence that there had been a valid offer and
acceptance of the employment contract.[4] 
The court determined that, because the employment contract was valid and
enforceable, the arbitration agreement was merged into the employment contract
and so no longer existed.  

            On
appeal, the appellants do not challenge the evidence presented or the trial
court’s conclusion; they instead contend the trial court should only have
summarily decided whether the arbitration agreement was valid and enforceable,
and the trial court should not have entertained defenses attacking a valid
arbitration agreement’s continued validity or enforcement.  But as this court
has previously held, it is the trial court’s duty to determine whether a later agreement between the parties revokes an
arbitration clause, because the court must determine the
threshold issue of whether a valid arbitration agreement exists.  Id. at
586.  Other courts have held similarly.  See, e.g., In re Bath Junkie
Franchise, Inc., 246 S.W.3d 356, 364 (Tex. App.—Beaumont 2008, orig.
proceeding) (holding that when determining whether a later agreement between
the parties operated as a novation of an earlier contract containing an
arbitration clause, the determination lies with the court, not the arbitrator);
TransCore
Holdings, Inc. v. Rayner, 104 S.W.3d 317, 322–23 (Tex.
App.—Dallas 2003, pet. denied) (“Before compelling arbitration, the trial court
must determine whether a subsequent agreement between the parties released them
from their previous agreement to arbitrate.”)

            The
appellants contend, however, that the reasoning of these cases is inconsistent
with Morgan Stanley, in which the Supreme Court concluded that “where a
party attacks the very existence of an agreement, as opposed to its
continued validity or enforcement, the courts must first resolve that
dispute.”  293 S.W.3d at 189 (emphasis added).  We note that the Morgan
Stanley court held that contract-formation defenses, including whether the
signor lacked the mental capacity to assent to the contract, were matters for
the court, not the arbitrator, to decide.  Id. at 189–90.  Moreover, the
court noted with approval a legal scholar’s comment that “[t]o send a dispute
to arbitration where ‘not only’ the arbitration clause itself, but ‘also,’ in
addition, the ‘entire’ agreement is subject to challenge, is to lose sight of
the only important question—which is the existence of a legally enforceable
assent to submit to arbitration.”  Id. at 190.  We conclude, contrary to
the appellants, that Morgan Stanley does not conflict with our prior
precedent and does not compel a different result. [5]  

            We
overrule the appellants’ first and third issues.

B

            In
their second and fourth issues, the appellants contend the trial court erred by
conducting an evidentiary hearing when Belk failed to create a genuine issue of
material fact through his pleadings and affidavits. They also contend the trial
court erred by depriving the appellants of reasonable notice of a trial on the
merits on issues potentially dispositive to the outcome of the entire case,
namely, whether the employment contract was valid and enforceable.  Specifically,
the trial court should have summarily decided only whether the arbitration
agreement was valid and enforceable, as no other issue was properly before it. 
The appellants argue that by considering whether the employment agreement superseded
the arbitration agreement, the trial court “effectively conducted a severed
trial on the merits without proper notice to the parties” on an issue set for a
later summary-judgment hearing.  As support, they point to Texas Rule of Civil
Procedure 166a(c), which provides non-movants with at least twenty-one days’
notice and mandates that no oral testimony shall be received at the hearing.  In
response, Belk maintains that the trial court’s action was authorized by Texas Civil Practice and Remedies Code
section 171.021.

            Texas Civil Practice and Remedies Code
section 171.021 allows trial courts to “summarily
determine” the issue of whether to compel a party to arbitrate its claims.  Tex.
Civ. Prac. & Rem. Code § 171.021;
Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 269
(“[W]e hold that the trial court may summarily decide whether to compel
arbitration on the basis of affidavits, pleadings, discovery, and
stipulations.”).  But if the material facts necessary to determine the proper
disposition of a motion to compel arbitration are controverted by an opposing
affidavit or otherwise admissible evidence, the trial court must conduct an
evidentiary hearing to determine the disputed material facts.  Jack B. Anglin Co., 842 S.W.2d at 269.

            The
record reflects that the appellants filed their motion to compel arbitration
and obtained a hearing date.  Belk argued in his responsive document that,
among other things, a valid employment contract existed that contained an
arbitration clause and a merger clause.  In support of this argument, Belk
presented a true and accurate copy of the employment agreement supported by
Belk’s affidavit attesting to his signature.  Belk also attested that Edenfield
represented to him that La Fiesta and Tubbs had approved the terms for hiring
him, that the company’s attorney had prepared the employment contract, and that
Edenfield and Tubbs approved the employment contract.  Belk further argued that
the employment contract contained an arbitration clause and a merger clause
which provided that its terms and conditions superseded all previous agreements
between the parties.  Thus, Belk’s evidence raised fact issues material to the
disposition of the motion to compel arbitration.[6] 
To determine whether a valid arbitration agreement existed, as discussed above,
the trial court properly conducted an evidentiary hearing as provided under
section 171.021 of the Civil Practice and Remedies Code.  

            Moreover,
we disagree that the appellants were prejudiced by the trial court’s
evidentiary hearing on their own motion.  The record reflects that the motion
to compel was set for October 18, 2010, but was continued until October 25,
2010.  On that day, at the start of the hearing, the trial court announced:

            My understanding is . . . that I’m supposed to
summarily determine whether or not there is an enforceable arbitration
provision.  And my understanding is that it’s necessary to conduct an
evidentiary hearing to make a determination only to the issue as to whether you
have a valid, enforceable arbitration agreement; and then if I find that exists,
it goes to arbitration and everything else gets dealt with by the arbitrator,
discovery issues, etc.

And,
at the conclusion of the hearing, the trial court stated “there is no question
everybody had notice as to what was set for hearing today was [the] motion to
compel arbitration and so that is what I heard.  I didn’t hear a summary
judgment.”  The appellants point to nothing to the contrary.

            Based
on the record before us, the appellants had sufficient notice of Belk’s assertion,
supported by evidence, that the arbitration agreement was not enforceable
because it had been superseded by the employment contract’s arbitration clause. 
Moreover, the trial court did not err when it held an evidentiary hearing to
determine whether a valid arbitration agreement existed.  See Jack B. Anglin Co., 842 S.W.2d at 269.
 We therefore overrule the appellant’s second and fourth issues.

C

            In
their fifth issue, the appellants contend the trial court erred by granting
relief that was not requested by either party instead of simply denying their
motion to compel arbitration under the arbitration agreement.  They assert that
they sought arbitration only under the arbitration provision, and under section
171.021(b) of the Texas Civil Practice and Remedies Code, the trial court was
required to consider only the issue of whether the arbitration agreement was
valid, and if not, then to deny the motion to compel arbitration.  See
Tex. Civ. Prac. & Rem. Code § 171.021(b) (“If the court does not find for
[the party moving to compel arbitration], the court shall deny the application.”).
 The appellants also analogize to summary-judgment law proscribing a trial
court from granting more relief than was requested.  See In re Jebbia,
26 S.W.3d 753, 756–57 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (“A
summary motion to compel arbitration is essentially a motion for partial
summary judgment.”); LaGoye v. Victoria Wood Condo. Ass’n, 112 S.W.3d
777, 786 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (stating that a trial
court “cannot grant more relief than was requested by a motion for summary
judgment”).  Finally, the appellants assert in the alternative that even if the
trial court properly consider any portion of the employment contract’s
validity, courts have “a duty to determine the validity of an arbitration
clause contained in a contract separately from the validity of the contract
itself,” Henry v. Gonzalez, 18 S.W.3d 684, 690 (Tex. App.—San Antonio
2000, pet. dism’d), because “an arbitration provision is severable from the
remainder of the contract.”  In re Morgan Stanley, 293 S.W.3d at 186
(citing Buckeye Check, Inc. v. Cardegna, 546 U.S. 440, 445 (2006)).

            Belk
responds that, even though the trial court did not compel arbitration under the
specific provision the appellants raised, the trial court granted the relief
requested—arbitration.  Although we do not necessarily agree that Belk’s
argument would apply in every circumstance, given the facts of this case, we
agree that the court did not err or abuse its discretion.  Here, the appellants
moved to compel arbitration under the arbitration agreement, which called for
arbitration governed by the FAA and according to the Commercial Rules of the
American Arbitration Association.  In contrast, the employment contract’s
arbitration clause (which apparently was drafted by La Fiesta’s lawyer)
provided for arbitration governed by the provision of Chapter 102 of the Texas
Labor Code and specifically outlined the procedure for appointing the
arbitrators.  

            After
Belk raised the issue that the arbitration agreement the employment contract’s
arbitration clause superseded the arbitration agreement, the appellants pointed
out in their reply brief that “Section 6.04 of the [employment contract]
Plaintiff seeks to enforce also has [an] arbitration provision.  Thus, even if
the Court finds the January 25, 2010 arbitration agreement unenforceable, this
cause will still be arbitrated.”  Moreover, at the hearing on the motion to
compel, the appellants asserted at the outset that they contended that the
arbitration clause of the employment agreement was “a separate, stand[-]alone
independent agreement to arbitrate” that was “enforceable notwithstanding and
in spite of the fact that the formal employment agreement itself fails for a
variety of reasons.”  The trial court could have understood from these
arguments that the appellants sought to compel arbitration under either
provision.  Accordingly, once the trial court determined that the employment
contract’s arbitration provision superseded the arbitration agreement, it ordered
the parties to arbitration under the employment contract’s arbitration
provision.

            On
appeal, the appellants make no argument whatsoever that the trial court’s order
compelling arbitration under the employment contract rather than the
arbitration agreement has prejudiced them or otherwise caused the rendition of
an improper judgment.  See Tex. R. App. P. 44.1(a).  In fact, they do
not draw any distinction at all between arbitration governed by one as opposed
to the other.  In this circumstance, we cannot say the trial court abuse its discretion
in compelling arbitration.

            Further,
although the appellants contend the trial court found the entire employment
contract to be valid and enforceable, the trial court’s order of November 9
made clear that it “found Paragraph 6.04 [of the employment contract] to be
applicable because the February 2, 2010 employment agreement of which Paragraph
6.04 was a part existed despite the absence of Defendants’ signature. . . . All
factual and legal issues regarding the February 2, 2010 employment agreement
other than whether it existed despite the absence of Defendants’ signature will
be determined by the arbitrator(s).”  Thus, the trial court expressly ruled
that the arbitration clause existed and therefore was valid and enforceable,
but left all other issues to the arbitrator.  Ultimately, the trial court did
not, as the appellants maintain, order that the entire employment contract was
valid and enforceable for all purposes.  

*
* *

            Having
found no merit in the appellants’ issues, we affirm the trial court’s judgment
ordering the parties to arbitration.

 

 

 

                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson,
Brown, and Christopher.









[1]
Among other things, Belk claimed that he was wrongfully terminated without
cause and without just compensation under the employment contract.  The employment
contract provides that if Belk is terminated without cause during the first
year of his employment, he is entitled to additional compensation of $300,000.





[2]
The Supreme Court of Texas issued CMH Homes after the parties filed
their briefs but before our original opinion issued.  We requested that the
parties provide additional briefing concerning the effect, if any, of CMH
Homes on the issues raised in this appeal.  In their letter brief filed in
response to our request, the appellants requested that we consider their
appellate brief as a petition for mandamus if necessary.





[3]
A writ of mandamus will issue to correct a clear abuse of discretion for which
the remedy by appeal is inadequate.  Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992).  With respect to factual issues, an
abuse of discretion is shown if the trial court could reasonably have reached
only one decision and failed to do so.  Id . at 839–40.  With respect to questions of law,
however, a trial court has no discretion.  Id. at 840.  Therefore,
“a clear failure by the trial court to analyze or apply the law correctly will
constitute an abuse of discretion.”  Id.





[4]
A contract containing mutual obligations that has been reduced to writing and
signed by one of the parties can be accepted by the non-signing party by their
conduct, thus making it a binding agreement on both parties.  See Hearthshire
Braeswood Plaza Ltd. P’ship v. Bill Kelly Co., 849 S.W.2d 380, 392 (Tex.
App.—Houston [14th Dist.] 1993, writ denied); see also Jones v. Citibank
(S.D.), N.A., 235 S.W.3d 333, 338 (Tex. App.—Fort Worth 2007, no pet.) (“Under
Texas law, if one party signs a contract, the other may accept by her acts,
conduct, or acquiescence to the terms of the contract, making it a binding
agreement on both parties.”).  





[5]
The appellants also contend the trial court’s action is inconsistent with In
re Permian Tank & Manufacturing., Inc., 306 S.W.3d 338, 340–41 (Tex.
App.—Eastland 2010, orig. proceeding), in which the court, citing Morgan
Stanley, held that whether a former employee’s contention that an
arbitration agreement he signed was revoked by the employer’s adoption of an
occupational injury benefit plan which included an arbitration agreement was an
issue for the arbitrator rather than the court.  But this case is
distinguishable because the benefit plan contained no language expressly
revoking the earlier arbitration agreement, and the former employee did not
dispute that he was subject to the terms of the benefit plan or contend that the
plan’s arbitration provision was invalid.  Moreover, to the extent our holding
is inconsistent with Permian, we believe we have taken the wise course. 
We are not obligated to follow the holdings of other courts of appeals.  See,
e.g., Mitchell v. John Wiesner, Inc., 923 S.W.2d 262, 264 (Tex.
App.—Beaumont 1996, no writ).





[6]
We acknowledge that Belk’s response was presented as a combined response to the
motion to compel and a motion for partial summary judgment, but disagree that
the appellants were not put on notice of Belk’s argument.  On the first page of
the document, Belk requested a continuance, stating that “[t]he substantive
arguments and support evidence of Plaintiff’s motion directly pertains to the
arbitration issue currently set to be heard on October 18, 2010.”  Belk’s
argument also included a section titled “Merger: Arbitration Agreement
Superseded” in which he outlined his argument that the employment agreement
superseded the arbitration agreement.  And, we note that the trial court had no
difficulty understanding the substantive dispute at the hearing on the
appellants’ motion to compel arbitration.