COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

ROSALBA HERNANDEZ          §

          Appellant,          §

v.          §

DEPARTMENT OF FAMILY AND          §
PROTECTIVE SERVICES,          §

          Appellee.          §

No. 08-12-00128-CV

Appeal from the

65th District Court

of El Paso County, Texas

(TC# 2012DCM00064)

## O P I N I O N

Rosalba Hernandez seeks to appeal from an interlocutory order entered pursuant to TEX.FAM.CODE ANN. § 262.2015 (West 2011). We will treat the motion as a petition filed pursuant to Section 51.014(d)-(f) of the Civil Practice and Remedies Code and TEX.R.APP.P. 28.3. Finding that Section 51.014(d)-(f) does not apply because the underlying suit was brought under the Family Code, we deny the petition.

On January 3, 2012, the Department of Family and Protective Services filed suit seeking to terminate the parental rights of Hernandez. The trial court entered an order granting a motion filed by the Texas Department of Family and Protective Services pursuant to Section 262.2015 of the Texas Family Code because the trial court found that the children's father had subjected the children to aggravated circumstances. The order waived the requirements that a service plan be prepared and from continuing reunification efforts. Additionally, the court ordered that trial on the merits be accelerated due to the aggravated circumstances finding. On April 18, 2012, Hernandez filed with the trial court clerk: (1) a motion with the trial court requesting permission to appeal this interlocutory order; and (2) notice of appeal. On that same date, she filed with this

Court a motion requesting permission to appeal pursuant to Section 51.014(d) of the Civil Practice and Remedies Code.

Appellate courts generally have jurisdiction over final judgments, and such interlocutory orders as the Legislature deems appealable by statute. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 51.012 and § 51.014 (West Supp. 2011); *Ruiz v. Ruiz*, 946 S.W.2d 123, 124 (Tex.App.-- El Paso 1997, no pet.). The interlocutory order Hernandez seeks to appeal is not appealable. Under the 2011 amendment to Section 51.014(d) of the Civil Practice and Remedies Code, a trial court may, by written order, permit an appeal from an order that is not otherwise appealable. TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(d).[1] Section 51.014(f) provides that an appellate court may accept an appeal permitted by Subsection (d) if the appealing party, not later than the 15th day after the date the trial court signs the order to be appealed, files in the court of appeals having appellate jurisdiction over the action an application for interlocutory appeal explaining why an appeal is warranted under Subsection (d). Section 51.014(d) does not, however, apply to an action brought under the Family Code. TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(d-1).

Even if Section 51.014(d) applied in this case, we would deny the petition because Hernandez has not obtained the trial court's permission to appeal. *See* TEX.R.CIV.P. 168 ("On a party's motion or on its own initiative, a trial court may permit an appeal from an interlocutory order that is not otherwise appealable, as provided by statute. Permission must be stated in the order to be appealed."); TEX.R.APP.P. 28.3(a)("When a trial court has permitted an appeal from an interlocutory order that would not otherwise be appealable, a party seeking to appeal must petition the court of appeals for permission to appeal."). Further, her petition does not comply

---

[1] The amended version of Section 51.014(d) applies here because the suit was filed after September 1, 2011, the effective date of the amendment to the statute. *See* Acts 2011, 82nd Leg., ch. 203, § 6.01; Tex.R.App.P. 28.3 cmt.

with the requirements of Rule 28.3. The petition does not contain: (1) the information required by TEX.R.APP.P. 25.1(d) to be included in a notice of appeal; and (2) a table of contents, index of authorities, issues presented, and a statement of facts. *See* TEX.R.APP.P. 28.3(e)(1), (3). The petition is also defective because it does not argue clearly and concisely why the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion and how an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* TEX.R.APP.P. 28.3(e)(4). Accordingly, the petition seeking leave to appeal the interlocutory order is denied.

May 9, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.