COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS

 


 
 
  
  
 LUCCHESE, INC. and
 JOSE ANGEL VELARDE,
  
                                     Appellants,
  
 v.
  
 HECTOR RODRIGUEZ,
  
                                     Appellee.
 
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
  
 '
 
 
  
  
                   No. 08-11-00102-CV
  
                          Appeal from
  
  34th District Court
  
 of El Paso County,
 Texas
  
 (TC # 2008-797)
 
 
 
 
  
  
 
 
  
  
 
 
  
  
 
 


                                                                  O
P I N I O N

 

            Lucchese, Inc. and Jose Angel
Velarde appeal from an order granting Hector Rodriguez’s motion to strike their
amended motion to compel arbitration.  For
the reasons that follow, we reverse and remand. 


FACTUAL SUMMARY

            On February 26, 2008, Hector
Rodriguez filed a non-subscriber negligence suit against his employer,
Lucchese, and against his supervisor, Velarde,[1]
alleging he suffered an on-the-job injury in 2007.  Lucchese answered and filed a motion to
compel arbitration based on an arbitration agreement contained in its Arena Brands
Texas Injury Benefit Plan (the Plan). 
The motion to compel arbitration alleged that Rodriguez signed an
acknowledgement on September 21, 2005 reflecting that he had received and read,
or had the opportunity to read, the summary plan description (SPD) which included
a requirement that he arbitrate disputes relating to on-the-job injuries.  Rodriguez opposed arbitration on the ground
that the arbitration agreement was illusory because Lucchese had the unilateral
right to amend or terminate the Plan without notice.  The trial court denied the motion to compel
arbitration.  On May 26, 2010, this court
denied Lucchese’s petition for mandamus relief because we concluded that the
agreement to arbitrate was illusory.  In re Lucchese Boot Co., 324 S.W.3d 211,
214 (Tex.App.--El Paso 2010, orig. proceeding).

On
February 11, 2011, Lucchese filed an amended motion to compel arbitration based
on a different arbitration agreement.  According
to the motion and attached evidence, Lucchese also has a Problem Resolution
Plan (the Program) which contains an agreement to arbitrate.  The Program requires arbitration of all
disputes between Lucchese and Rodriguez whereas the other arbitration agreement
relates only to disputes concerning the Plan. 
Under the Program, both Lucchese and Rodriguez waived the right to trial
by judge or jury and agreed that all claims covered by the Program would be
arbitrated unless both parties waived the right to arbitrate in writing prior
to the initiation of any litigation.  The
Program defined “covered disputes” as including tort claims for physical,
mental, or psychological injury, without regard to whether the injury was
allegedly sustained in the course and scope of employment.  The Program also provided that it was
governed by the Federal Arbitration Act. 


In
his response to the amended motion to compel arbitration, Rodriguez argued that
the trial court should strike the amended motion and enter an order finding
that Lucchese had waived its right to compel arbitration because it had failed
to exercise due diligence in presenting the issue and evidence to the trial
court.  He also asserted that Lucchese
should not be allowed to “reopen” because it had not used due diligence in
obtaining the evidence.  Additionally, Rodriguez
relied on the doctrine of equitable estoppel and argued that Lucchese should be
estopped from filing an amended motion to compel arbitration.  After a brief hearing, the trial court
granted Rodriguez’s motion to strike.  Lucchese
filed notice of accelerated appeal from the interlocutory order.  In its brief, Lucchese has included an
alternative petition for writ of mandamus in the event we determine that we
lack jurisdiction of the interlocutory appeal. 
We will address the jurisdictional issue first.

JURISDICTION OF THE INTERLOCUTORY APPEAL

Appellate
courts generally have jurisdiction over final judgments, and such interlocutory
orders as the Legislature deems appealable by statute.  Hernandez
v. Department of Family and Protective Services, --- S.W.3d ----, 2012 WL
1647984 at *1 (Tex.App.-- El Paso 2012, no pet. h.); see Tex.Civ.Prac.&Rem.Code
Ann. § 51.012 and § 51.014 (West Supp. 2011).  We strictly apply statutes authorizing
interlocutory appeals because they are a narrow exception to the general rule
that interlocutory orders are not immediately appealable.  CMH
Homes v. Perez, 340 S.W.3d 444, 447-48 (Tex. 2011).  

Relying
on Section 51.016 of the Civil Practice and Remedies Code and Section 16 of the
FAA, Lucchese contends that we have jurisdiction of this appeal because the
trial court’s order striking the amended motion to compel arbitration
effectively denied the motion.  Section
51.016 provides, in relevant part, that in a matter subject to the Federal
Arbitration Act,[2]
a person may take an appeal to the court of appeals from an interlocutory order
of a district court under the same circumstances that an appeal from a federal
district court’s order or decision would be permitted by 9 U.S.C. § 16.  Tex.Civ.Prac.&Rem.Code
Ann. § 51.016.  The Program expressly
provides that it is adopted pursuant to and is governed by the Federal  Arbitration Act.  Parties may expressly agree to arbitrate
under the FAA.  In re Rubiola, 334 S.W.3d 220, 223 (Tex. 2011).  

The
United States Supreme Court stated in Green
Tree Financial Corporation v. Randolph that the FAA generally permits
immediate appeal of orders hostile to arbitration but bars appeal of
interlocutory orders favorable to arbitration. 
Green Tree Financial Corp. v.
Randolph, 531 U.S. 79, 86, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000); In re Gulf Exploration, LLC, 289 S.W.3d
836, 839 (Tex. 2009).  Section 16 of the
FAA specifies the types of orders which may be appealed.  9 U.S.C.A. § 16(a)(1)(C)(West 2009).  An appeal may be taken from:

(1)  an order--

 

(A)
refusing a stay of any action under section 3 of this title,

 

(B) denying a petition under section 4
of this title to order arbitration to proceed,

 

(C) denying an application under
section 206 of this title to compel arbitration,

 

(D) confirming or
denying confirmation of an award or partial award, or

 

(E) modifying,
correcting, or vacating an award;

 

(2) an interlocutory
order granting, continuing, or modifying an injunction against an arbitration
that is subject to this title; or

 

(3)
a final decision with respect to an arbitration that is subject to this title.

We strictly
apply statutes authorizing interlocutory appeals.  See Texas
La Fiesta Auto Sales, LLC v. Belk, 349 S.W.3d 872, 878 (Tex.App.--Houston
[14th Dist.] 2011, no pet.).  The substance
and function of the order being appealed controls our interlocutory
jurisdiction.  Id.  

Rodriguez
argues that we lack jurisdiction of this appeal because Lucchese’s amended motion
to compel arbitration is actually a motion to reconsider the trial court’s
prior ruling.  Appellate courts have held
that while Section 51.016 and Section 16 of the FAA permit an appeal from an
order refusing to compel arbitration, it does not provide for an appeal from an
order denying a motion to reconsider.  See Wells Fargo Bank, N.A. v. Goldberg,
No. 09-10-00386-CV, 2011 WL 662952 at *2 (Tex.App.--Beaumont Feb. 24, 2011, no
pet.)(dismissing appeal from denial of motion to reconsider an order denying
motion to compel arbitration); Nabors
Well Services Company v. Aviles, No. 06-10-00018-CV, 2010 WL 2680087
(Tex.App.--Texarkana 2010, no pet.)(dismissing appeal from denial of amended
motion to compel arbitration because the amended motion was not a new motion
but was in substance a motion to reconsider the prior ruling); Hydro Management Systems, LLC v. Jalin, Ltd.,
No. 04-09-00813-CV, 2010 WL 1817813 (Tex.App.--San Antonio 2010, no pet.)(holding
that Section 16 of the FAA permits an appeal from an order denying a motion to
compel arbitration but not from an order denying a motion to reconsider, and
therefore, order denying motion to reconsider was not independently
appealable).  

The
instant case is distinguishable because Lucchese based its amended motion to
compel arbitration on an agreement which had not previously been offered as a
basis for its motion to compel arbitration. 
It is not merely a different version of the Plan’s arbitration agreement.  It is a separate and distinct agreement which
stands on its own.  Thus, Lucchese did
not ask the trial court to reconsider its prior ruling.  It instead moved the trial court to compel
arbitration based on a different agreement. 
Thus, the amended motion included “new matter.”  See Tex.R.Civ.P. 62 (defining the object of
an amendment of a pleading to include pleading new matter, in addition to that
formerly pleaded).  

Rodriguez
next complains that we do not have jurisdiction of this appeal because the trial
court did not rule on Lucchese’s amended motion to compel arbitration and the FAA
does not authorize an appeal from an order striking a motion to compel
arbitration.  This argument presents a
difficult question.  On the one hand, the
record does not reflect that the court conducted a hearing on the merits of the
amended motion to compel arbitration nor does it show that the court expressly or
even impliedly ruled on that motion. 
Instead, the trial court conducted a hearing on Rodriguez’s motion to
strike and the court ruled on that motion. 
The parties did not present any evidence related to the merits of Lucchese’s
amended motion to compel arbitration.  To
the contrary, Rodriguez’s counsel made clear that if the court denied his
motion to strike, he would need to engage in discovery related to the Program’s
arbitration agreement because it had not been produced by Lucchese in response
to discovery requests.  On the other hand,
the effect of the trial court’s order is to permanently foreclose arbitration.  One of the arguments relied on by Rodriguez
is that Lucchese waived its right to arbitrate. 
Waiver is a ground utilized by plaintiffs to avoid arbitration.  See
e.g., EZ Pawn Corp. v. Mancias, 934 S.W.2d 87 (Tex. 1996).  We conclude that the trial court’s order
striking the amended motion to compel arbitration is the functional equivalent
of an order denying the motion.  Accordingly,
we conclude that we have jurisdiction to review this interlocutory order by
virtue of Section 51.016 and Section 16(a)(1)(C) of the FAA.

Even
if we are incorrect in our resolution of the jurisdiction issue, we would not
dismiss the appeal but would review the issues raised by Lucchese under the mandamus
standard of review because Lucchese requested that we treat its brief as a
mandamus petition in the event we find that we do not have jurisdiction to
review the interlocutory order.  See CMH Homes v. Perez, 340 S.W.3d 444,
452 (Tex. 2011)(impermissible interlocutory appeal from order appointing an
arbitrator would be considered as a petition for writ of mandamus, where seller
invoked the court of appeals’ appellate jurisdiction by specifically requesting
that its appeal be treated as a mandamus petition).  We would review the issues for a clear abuse
of discretion.  See In re Prudential Insurance Company of America, 148 S.W.3d 124,
135 (Tex. 2004).

AUTHORITY TO STRIKE LUCCHESE’S

AMENDED MOTION TO COMPEL ARBITRATION

            Lucchese argues in its sole issue that
the trial court abused its discretion by striking its amended motion to compel
arbitration and by refusing to compel arbitration.  Given that the trial court did not consider
the merits of Lucchese’s motion to compel arbitration, we will not address the
latter argument but will instead restrict our review to the trial court’s
decision to strike Lucchese’s motion to compel arbitration.  

Standard of Review

Under
the abuse of discretion standard, an appellate court may reverse the trial
court’s ruling only if the trial court acted without reference to any guiding
rules and principles, such that its ruling was arbitrary or unreasonable.  Low v.
Henry, 221 S.W.3d 609, 614 (Tex. 2007). 
When undertaking this review, we may not substitute our judgment for
that of the trial court with respect to resolution of factual issues or matters
committed to the trial court’s discretion.  See Walker
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992)(orig. proceeding); see also Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 242 (Tex. 1985).  While a
trial court does not abuse its discretion merely because it decides a
discretionary matter differently from an appellate court, a trial court has no
discretion in determining the law or its application.  Walker,
827 S.W.2d at 840.  A clear failure by
the trial court to analyze or apply the law correctly will constitute an abuse
of discretion.  Walker, 827 S.W.2d at 840.

Authority to Strike Pleadings

            Lucchese contends that the trial
court did not have authority to strike its amended motion to compel
arbitration.  Under the Rules of Civil
Procedure, courts are authorized to strike a party’s pleadings in a limited variety
of situations.  For example, a court is
required to strike a party’s pleadings under Tex.R.Civ.P.
12 if an attorney fails to show sufficient authority to prosecute or defend a
suit on behalf of a party and no person who is authorized to prosecute or
defend appears.  A court may strike a
groundless and false pleading.  Tex.R.Civ.P.  13.  A
court is also authorized to strike a third party claim.  Tex.R.Civ.P.
38(a).  A plea in intervention is subject
to being stricken by the court for sufficient cause on the motion of any
party.  Tex.R.Civ.P.
60.  As another example, a court may
strike a pleading filed after a deadline imposed by a pre-trial order.  See
Tex.R.Civ.P. 166(p).  The Rules of Civil Procedure also authorize
trial courts to sanction a party for failure to comply with a discovery request
by striking pleadings or by entering an order refusing to allow the disobedient
party from supporting designated claims or defenses, or prohibiting him from
introducing designated matters in evidence. 
Tex.R.Civ.P. 215.2(b)(5). 

Rodriguez
argued that the court should strike Lucchese’s amended motion to compel
arbitration and refuse to consider the evidence attached to the amended motion on
the grounds that:  

1)     
Lucchese waived its right to assert the new
grounds alleged in his amended motion to compel arbitration;

2)     
Lucchese did not exercise due diligence in
presenting new arguments and evidence, and therefore, the court should not
permit Lucchese to “reopen” the arbitration issue; and

 

3)     
Lucchese is estopped from reopening the
arbitration issue.

 

We will address
these arguments in order.

Waiver

            Rodriguez argued in his motion to
strike that Lucchese waived its right to compel arbitration under the Program’s
arbitration agreement because it did not present that argument or the evidence to
the trial court in the first motion to compel arbitration.  The Texas Supreme Court rejected a similar
argument in In re Nexion Health at Humble, Inc., 173 S.W.3d 67, 68 (Tex.
2005).  In that case, the defendant filed
a motion to compel arbitration based only on the Texas Arbitration Act and
later filed a motion to reconsider based on new grounds under the Federal
Arbitration Act.  The Court held that the
defendant did not waive its right and was not estopped from seeking to compel
arbitration.  Id.  Here, Lucchese first
moved to compel arbitration under the Injury Benefit Plan’s arbitration
agreement and later moved to compel arbitration based on a new ground, namely,
the Problem Resolution Program’s arbitration agreement.  We conclude that Lucchese did not waive its
right to arbitrate by not raising both grounds for arbitration in the original
motion to compel arbitration.

In
the arbitration context, a party waives its right to compel arbitration by
substantially invoking the judicial process to the other party’s detriment or
prejudice.  In re Fleetwood Homes of Texas, L.P., 257 S.W.3d 692, 694 (Tex.
2008) (orig. proceeding); In re ReadyOne
Industries, Inc., 294 S.W.3d 764, 772 (Tex.App.--El Paso 2009, orig.
proceeding).  There is a strong
presumption against waiver of arbitration. 
In re Bruce Terminix Co., 988
S.W.2d 702, 704 (Tex. 1998) (orig. proceeding). 
Waiver is a legal question for the court based on the totality of the
circumstances, and asks whether a party has substantially invoked the judicial
process to an opponent’s detriment, the latter term meaning inherent unfairness
caused by “a party’s attempt to have it both ways by switching between
litigation and arbitration to its own advantage.”  In re
ReadyOne, 294 S.W.3d at 772, quoting Perry
Homes v. Cull, 258 S.W.3d 580, 597 (Tex. 2008).  Waiver must be decided on a case-by-case
basis, and courts should look to the totality of the circumstances involved.  In re
ReadyOne, 294 S.W.3d at 772.  We
consider factors such as when the movant knew of the arbitration clause, how
much discovery has been conducted, who initiated it, whether it related to the
merits rather than arbitrability or standing, how much of it would be useful in
arbitration, and whether the movant sought judgment on the merits.  Perry
Homes, 258 S.W.3d at 591-92; In re
ReadyOne, 294 S.W.3d at 772.

            There has been no showing that
Lucchese substantially invoked the judicial process or that Lucchese has
switched between litigation and arbitration to its own advantage.  The record instead reflects that Lucchese’s
efforts have been consistently directed at compelling arbitration.  Rodriguez filed suit on February 26, 2008.  Lucchese included a demand for arbitration in
its original answer and moved to compel arbitration on April 21, 2008.  The parties engaged in discovery but it was
limited to the issue of arbitrability. 
The trial court denied the motion to compel arbitration on December 23,
2008 and Lucchese challenged that ruling by filing a mandamus petition in this
Court.  We denied mandamus relief on May
26, 2010 and overruled the motion for rehearing on June 30, 2010.  In re
Lucchese, Inc., 324 S.W.3d 214 (Tex.App.--El Paso 2010, orig.
proceeding).  Lucchese filed its amended
motion to compel arbitration on February 11, 2011.  There is no evidence that Lucchese engaged in
discovery or took any other actions between June 2010 and February 2011 which
could be characterized as invoking the judicial process.  It is true that a considerable amount of time
elapsed between the filing of the original and amended motions to compel
arbitration and Lucchese has not offered any explanation for its failure to
raise both arbitration agreements in its original motion, but a party does not
waive its right to arbitration by mere delay. 
See Prudential Securities, Inc. v.
Marshall, 909 S.W.2d 896, 898 (Tex. 1995). 
Instead, the party urging waiver must establish that any delay resulted
in prejudice.  Id.  Rodriguez has not shown
how Lucchese’s delay in moving to compel arbitration under the Program’s
arbitration agreement has resulted in prejudice.  Consequently, we are unable to conclude that Rodriguez
has overcome the strong presumption against finding a waiver of
arbitration.  Rodriguez’s waiver argument
does not support the trial court’s ruling.

Reopening the Evidence

Rodriguez’s
motion to strike also asserted that Lucchese could not “reopen” the arbitration
issue and introduce new evidence because it had not exercised due diligence in obtaining
the new evidence.  Rodriguez relied on Tex.R.Civ.P. 270 and AXA Financial, Inc. v. Roberts, No.
08-07-00079-CV, 2007 WL 2403210 (Tex.App.--Austin 2007, orig. proceeding) to support this contention.  Rule 270 provides that:

When it clearly
appears to be necessary to the due administration of justice, the court may
permit additional evidence to be offered at any time; provided that in a jury
case no evidence on a controversial matter shall be received after the verdict
of the jury.

 

Rule 270 is one
of nine rules found in the section of the Rules of Civil Procedure addressing
the conduct of trial.  See Tex.R.Civ.P.
263 (providing for trial on agreed statement of facts); Tex.R.Civ.P. 264 (providing for all
testimony and evidence to be presented by videotape); Tex.R.Civ.P. 265 (setting the order of proceedings on trial
by jury); Tex.R.Civ.P. 266
(plaintiff has the right to open and close both evidence and argument unless
the defendant has the burden of proof); Tex.R.Civ.P.
267 (witnesses placed under the “Rule”); Tex.R.Civ.P.
268 (motion for instructed verdict); Tex.R.Civ.P.
269 (addressing closing argument).

            In AXA Financial, a Chapter 7 bankruptcy trustee filed suit against several
defendants on behalf of the bankruptcy estate of Kent Abney.  The claims arose out of Abney’s association
and employment relationship with the defendants.  The defendants filed a motion to compel
arbitration before the National Association of Securities Dealers based upon a
Uniform Application for Securities Industry Registration or Transfer (“Form U-4”)
executed by Abney in 1987.  The
defendants did not include the 1987 Form U-4 as evidence in support of their
motion, but they attached an amended U-4 signed in 2005.  When Abney signed the 2005 U-4, he expressly
refused to consent to pre-dispute arbitration and reserved his right to file
suit.  Prior to the hearing, the parties
entered into a Rule 11 agreement whereby the defendants agreed to limit their
evidence to that attached to the motion to compel.  The trial court subsequently denied the
motion to compel arbitration with prejudice based upon a finding that the
defendants had not carried its burden to establish a valid agreement to
arbitrate the disputed claims.  The
defendants filed a motion to reconsider and attached Form U-4s allegedly signed
by Abney in 1989, 1994, and 2003.  The
U-4s contained language that Abney had agreed to arbitrate any dispute with his
firm.  The trial court denied the motion
to reconsider.  

The
defendants appealed under the Texas Arbitration Act and filed a mandamus
petition under the FAA.  The Austin Court
of Appeals dismissed the appeal for want of jurisdiction because the notice of
appeal was untimely, but the court addressed the issues raised in the mandamus
petition.  AXA Financial, 2007 WL 2403210 at *3-4.  The Court of Appeals concluded that the
documents attached to the motion to compel arbitration did not support
compelling Abney to arbitrate his claims. 
Id. at *6.  With respect the motion to reconsider, the
Court noted that the defendants attached new evidence but did not raise any new
ground for compelling arbitration.  Id. at *6.  The defendants cited Rule 270 in support of their
argument that the additional evidence was properly before the trial court, but
the Court of Appeals held that the defendants had not shown due diligence in
obtaining the evidence.  Id. at *7.  Additionally, the Court held that the trial
court did not abuse its discretion by denying the motion to reconsider because
the Rule 11 Agreement limited the defendants to the evidence attached to its
motion to compel.  Id. at *7-8.  

            AXA
Financial is the only case we have found applying Rule 270 to a court’s
ruling on a motion to compel arbitration and the Court of Appeals did so in direct
response to the relators’ argument based on the rule.  Given that a court’s ruling on a motion to
compel arbitration is a pre-trial matter, we conclude that Rule 270 is
inapplicable.  We decline to follow AXA Financial.  The trial court abused its discretion by
impliedly finding that Lucchese could not “re-open” the arbitration issue based
on Rule 270.

Doctrine of Equitable Estoppel

            Rodriguez also alleged that Lucchese
was estopped from filing an amended motion to compel arbitration because
Lucchese had failed to disclose the Program’s arbitration agreement in response
to his written discovery requests and had failed to include the evidence in its
original motion to compel.  The doctrine
of equitable estoppel requires (1) a false representation or concealment of
material facts; (2) made with knowledge, actual or constructive, of those
facts; (3) with the intention that it should be acted on; (4) to a party
without knowledge or means of obtaining knowledge of the facts; (5) who
detrimentally relies on the representation.  Johnson
& Higgins of Texas, Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507,
515-16 (Tex. 1998); Enchilada’s
Northwest, Inc. v. L & S Rental Properties, 320 S.W.3d 359, 365
(Tex.App.--El Paso 2010, no pet.).  We
understand Rodriguez to argue that Lucchese’s failure to produce the Program’s
arbitration agreement at an earlier date and in response to discovery requests
constituted concealment of material facts. 
Rodriguez failed to prove that Lucchese intended for him to act on the
concealment, he had no knowledge of the existence of the Program’s arbitration
agreement and no means to obtain knowledge of the fact, or he detrimentally
relied on the representation. 
Consequently, the trial court’s order cannot be supported by a finding
of equitable estoppel.

Discovery Sanction

Rodriguez’s counsel
stated on the record below that Lucchese failed to produce the Program’s
arbitration agreement in response to written discovery requests.  But Rodriguez did not make any request that
the trial court strike the amended motion or issue an order refusing to allow
Lucchese to support its amended motion to compel arbitration with the evidence
as a sanction for failure to comply with a discovery request.  See
Tex.R.Civ.P. 215.2(b)(4), (b)(5).  Appellate counsel has repeated these
assertions and urges that the trial court could have exercised its discretion
not to reconsider the arbitration issue because, Lucchese failed to “explain
how Hilda Matthews could testify such ‘new’ evidence was ‘kept in the regular
course of business’ of Lucchese, yet was not produced or disclosed during
discovery on the arbitration issue.”  To
the extent Rodriguez’s brief can be read as arguing that the trial court struck
the amended motion as a discovery sanction under Rule 215.2(b), we conclude
that he did not present this specific argument to the trial court for a ruling.  Consequently, it is not a basis for upholding
the trial court’s order.[3]

None
of the arguments made by Rodriguez supports the trial court’s order striking
the amended motion to compel arbitration. 
Accordingly, we find that the trial court abused its discretion by
granting the motion to strike.  If we
reviewed this issue under the mandamus standard, we would find that the trial
court clearly abused its discretion.  Issue
One is sustained.  We reverse the trial
court’s order striking the amended motion to compel arbitration and remand the
cause to the trial court for proceedings consistent with this opinion.

 

June 27, 2012                                      ________________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 











[1]  The opinion will refer to the Appellants
collectively as Lucchese.





[2]  9 U.S.C.A. §§ 1-16 (West 2009).





[3]  In the event Rodriguez raises the discovery
sanction issue on remand to the trial court, our opinion should not be read as
expressing any opinion on the merits of that issue.