# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00312-CV

**Richard A. Shannon, Appellant**

**v.**

**William Edwin Hall and Ethan M. Erenberg, Appellees**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-11-011842, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Richard A. Shannon and appellees William Edwin Hall and Ethan M. Erenberg executed a Rule 11 agreement to effectuate a final settlement of the underlying litigation. The Rule 11 agreement contemplated the later execution of a final settlement agreement on terms consistent with the terms in the Rule 11 agreement. Subsequently a dispute arose concerning the meaning of a term in the Rule 11 agreement that required Shannon to convey back to Hall an interest he had obtained in Hall's home during representation of Hall in divorce proceedings. Hall and Erenberg were aligned in their interpretation of the provision and thus filed in the county court at law a joint motion to enforce the disputed term against Shannon. On April 9, 2013, the trial court granted the motion to enforce and signed an order requiring Shannon, a licensed attorney, to execute a standard quitclaim deed to release his interest in Hall's residence. No date was specified by which Shannon was required to execute the quitclaim deed.

On May 6, 2013, Shannon filed a notice of appeal from the April 9 order along with a motion to extend the deadline for filing a notice of appeal, asserting that the extension was warranted because he mistakenly assumed that the April 9 order was final rather than interlocutory (and thus subject to a shorter appeal deadline). *See* Tex. Civ. Prac. & Rem. Code § 51.014(f) (deadline to file permissive interlocutory appeal); *see also* Tex. R. App. 28.3(d) (governing motion to extend time to file application for permissive appeal). Shortly thereafter, the appellees filed a plea to the jurisdiction and motion to dismiss the appeal, contending that this Court lacks jurisdiction over the appeal because the April 9 order is interlocutory and unappealable. Shannon asserts that the order is appealable either because it is actually a final judgment or because the order satisfies the requisites of the permissive interlocutory appeal provision in section 51.014(d) of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 51.014(d) (specifying circumstances under which trial court can grant written permission to appeal otherwise unappealable order). We conclude that (1) the order is not a final judgment and (2) there is no written order granting appellant permission to pursue an interlocutory appeal, as required by section 51.014(d) and related rules of procedure. *See id.*; Tex. R. Civ. P. 168 (requiring trial court to state permission to appeal in the order to be appealed); *see also* Tex. R. App. P. 28.3(a) ("When a trial court has permitted an appeal from an interlocutory order that would not otherwise be appealable, a party seeking to appeal must petition the court of appeals for permission to appeal.").

Appellate courts only have jurisdiction to review final judgments and certain interlocutory orders identified by statute. *See* Tex. Civ. Prac. & Rem. Code §§ 51.012, .014*; Lehman v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Shannon first contends that the April 9 order

constitutes a final judgment because enforcement of the disputed term should ultimately lead to the final disposition of all the claims in the underlying lawsuit. While this may be true, the order itself does not dispose of any claim against any party, nor does it purport to do so; it merely facilitates an essential step towards the final resolution of the claims in the case as contemplated in the Rule 11 agreement.[1] *See Lehman*, 39 S.W.3d at 195, 200 (judgment is final if it actually disposes of all pending parties and claims in the record; order disposing of only one claim is still final judgment if claim is only one still pending). There is no other order or judgment in the record that would convert the April 9 order into a final judgment, nor does Shannon suggest that one exists. *See id.* at 200. We conclude that the April 9 order is not a final, appealable order.

Shannon next contends that, even if the April 9 order is interlocutory, it is nonetheless appealable under section 51.014(d) of the Civil Practice and Remedies Code, which provides:

> (d) On a party's motion or on its own initiative, a trial court in a civil action may, *by written order*, permit an appeal from an order that is not otherwise appealable if:
>
> > (1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and
> >
> > (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

---

[1] The Rule 11 agreement requires the parties to prepare and execute a Comprehensive Settlement and Mutual Release agreement incorporating the Rule 11 agreement's terms ("final agreement"). The Rule 11 agreement further requires Shannon to convey his interest in Hall's home contemporaneously with execution of the final agreement and Hall to pay Shannon $8,000 within seven days of signing the final agreement. The Rule 11 agreement also specifies that Hall will pay Shannon another $16,000 at closing of the sale of Hall's home or December 1, 2014, whichever occurs first. The parties agreed that on payment of the initial $8,000, the parties will dismiss with prejudice their claims against each other in the underlying lawsuit.

Tex. Civ. Prac. & Rem. Code § 51.014(d) (emphasis added). Our review of the clerk's record reveals that Shannon did not obtain the trial court's written permission to appeal. Accordingly, the April 9 order is not appealable under section 51.014(d).[2]  *See, e.g.*, *Hernandez v. Department of Family & Protective Servs.*, 392 S.W.3d 188, 190 (Tex. App.—El Paso 2012, no pet.).

We therefore grant appellees' plea to the jurisdiction and dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). Appellant's motion for an extension of time to file merits briefing is likewise dismissed for want of jurisdiction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Field

Dismissed for Want of Jurisdiction

Filed:   August 22, 2013

_____

[2] We also note that Shannon failed to comply with rule of appellate procedure 28.3, which specifies the mandatory contents of an application to this Court for an appeal under section 51.014(d). *See* Tex. Civ. Prac. & Rem. Code § 51.014(f) (specifying procedure in court of appeals for permissive interlocutory appeal under subsection (d)); Tex. R. App. P. 28.3(a) (after trial court grants permission to appeal otherwise unappealable interlocutory order, party seeking to appeal must petition court of appeals for permission to appeal), (e) (required contents for application to court of appeals for permission to appeal interlocutory order). Shannon did not file the application required by section 51.014(f) and rule 28.3. Moreover, we cannot construe his notice of appeal, docketing statement, and motion for extension of time to file a notice of appeal as constituting the required application because they do not include mandatory contents of the application, including the order appealed from, a table of contents, index of authorities, issues presented, statement of facts, and argument as to why the requirements of section 51.014(d) are satisfied in this case. *See* Tex. R. App. 28.3(e).