

# NUMBER 13-22-00104-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MARIA ISABEL ALONZO,                                              Appellant,

v.

ERNESTINA LERMA CABELLO,
INDIVIDUALLY AND AS NEXT FRIEND
OF TOMMY CABELLO, JR.,

                                                                 Appellee.

## On appeal from the 148th District Court
of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
Memorandum Opinion by Justice Longoria

Appellant Maria Isabel Alonzo attempts to appeal the trial court's denial of her

motion for summary judgment, an interlocutory order that is not otherwise appealable

under § 51.014 of the Texas Civil Practice & Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014. Alonzo filed a notice of accelerated appeal on March 17, 2022. On March 27, 2023, we issued a notice of defect informing Alonzo that she failed to file a petition for permissive appeal, and provided her ten days to cure the defect, if possible. *See* Tex. R. App. P. 42.3. The notice informed Alonzo that if the defect was not cured, this appeal shall be dismissed. *See id.* Alonzo did not file a response. Because Alonzo failed to file a timely petition for permission to appeal an otherwise unappealable order in this court, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 28.3(a).

Section 51.014 of the Texas Civil Practice and Remedies Code allows interlocutory appeals in limited types of cases.[1] *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(1)–(15). Under Subsection (d), a trial court in a civil action may, by written order, permit an interlocutory appeal from an order that is not otherwise appealable if it "involves a controlling question of law as to which there is a substantial ground for difference of opinion" and "an immediate appeal . . . may materially advance the ultimate termination of the litigation." *Id.* § 51.014(d). However, an appellant seeking an appeal under Subsection (d) must also petition for the appellate court to accept the appeal:

> An appellate court may accept an appeal permitted by Subsection (d) if the appealing party, not later than the 15th day after the date the trial court signs the order to be appealed, files in the court of appeals having appellate jurisdiction over the action an application for interlocutory appeal explaining why an appeal is warranted under Subsection (d). If the court of appeals accepts the appeal, the appeal is governed by the procedures in the Texas Rules of Appellate Procedure for pursuing an accelerated appeal. The date the court of appeals enters the order accepting the appeal starts the time

---

[1] Some provisions of § 51.014 permit an interlocutory appeal of a denial of summary judgment in certain circumstances not applicable to this case. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5), (6), (13), (15).

applicable to filing the notice of appeal.

*Id.* § 51.014(f).

The Texas Rules of Appellate Procedure provide that "[w]hen a trial court has permitted an appeal from an interlocutory order that would not otherwise be appealable, a party seeking to appeal *must* petition the court of appeals for permission to appeal." TEX. R. APP. P. 28.3(a) (emphasis added). The Rules further provide that "the petition must be filed with the clerk of the court of appeals having appellate jurisdiction over the action in which the order to be appeal is issued" and that "the petition must be filed within 15 days after the order to be appealed is signed." *See id.* R. 28.3(b), (c). The time to file the petition may be extended by the court of appeals if the party files the petition within fifteen days after the deadline and files a motion complying with Rule 10.5(b). *See id.* R. 28.3(d). "We strictly apply statutes granting interlocutory appeals because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable." *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011).

In this case, on March 4, 2022, the trial court denied Alonzo's motion for summary judgment but also granted Alonzo permission to appeal pursuant to § 51.014(d). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d). The deadline for Alonzo to have filed her petition for permission to appeal in this court was March 19, 2022. *See* TEX. R. APP. P. 28.3(c). The deadline for Alonzo to have filed a motion for extension of time to file the petition was April 4, 2022. *See id.* R. 4.1(a), 28.3(d). An untimely petition cannot invoke this court's jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(f); *see also Romero v. Gonzalez*, No. 13-16-00172-CV, 2018 WL 771893, at *1 (Tex. App.—Corpus

3

Christi–Edinburg Feb. 8, 2018, no pet.) (mem. op.) (dismissing petition for permission to bring an interlocutory appeal for want of jurisdiction when the petition was untimely); *but cf. Progressive Cnty Mut. Ins. Co. v. McCormack*, No. 04-21-00001-CV, 2021 WL 186675, at *2 (Tex. App.—San Antonio, Jan. 20, 2021, pet. denied) (mem. op.) (denying petition for appeal because it was untimely and the trial court did not grant permission to appeal the underlying order). Alonzo has not timely filed a petition for permission to appeal nor any motion for extension of time to file the petition.

Even if we construed Alonzo's notice of accelerated appeal as a petition for permission to appeal, said filing lacks the mandatory contents for a petition, including a table of contents, index of authorities, issues presented, statement of facts, and a clear and concise argument why the order to be appealed involved a controlling question of law as to which there is a substantial ground for difference of opinion and how an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See* TEX. R. APP. P. 28.3(e); *see also Hernandez v. Department of Family and Protective Services*, 408 S.W.3d 8, 9 (Tex. App.—El Paso, 2012, no pet.) (denying petition for, among other things, failing to comply with Rule 28.3); *Fisher-Reed v. Altair Subdivision Property Owner's Association, Inc.*, No. 04-17-00818-CV, 2018 WL 280414, *1 (Tex. App.—San Antonio, January 3, 2018 no pet.) (mem. op.) (denying petition that failed to meet the requirements for a permissive appeal as set out in Rule 28.3(e)(2)–(4)).

Therefore, we lack jurisdiction over this attempted permissive appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(f); TEX. R. APP. P. 28.3(a)–(d); *see also Romero*, 2018 WL 771893 at *1; *McCormack*, 2021 WL 186675 at *2; *Johns v. Fox Hall, Ltd.*, No.

4

01-22-00403-CV, 2022 WL 16756369, at *2 (Tex. App.—Houston [1st Dist.] Nov. 8, 2022, no pet.) (mem. op.) ("However, because the procedures for a permissive appeal— including filing a timely petition and obtaining permission from the trial court to appeal the otherwise unappealable order—have not been followed, we have no jurisdiction to determine the motion."); *Progressive Cnty. Mut. Ins. Co. v. Dowdy*, No. 01–20–00817– CV, 2022 WL 1572044, at *3–4 (Tex. App.—Houston [1st Dist.] May 19, 2022, no pet.) (mem. op.) (dismissing petition for permissive appeal for lack of jurisdiction because appellant did not file its petition within 15 days after order to be appealed was signed, as required by Rule of Appellate Procedure 28.3(c) and Civil Practice and Remedies Code subsection 51.014(f)); *Hale v. Rising S Co., LLC*, No. 05-20-01025-CV, 2021 WL 1248273, at *1 (Tex. App.—Dallas Apr. 5, 2021, no pet.) (mem. op.) (rejecting appellant's argument that court of appeals had jurisdiction over appeal from interlocutory order under subsection 51.014(d) when procedures necessary for permissive appeal had not been followed); *BPHC, LLC v. Perkins*, No. 03-18-00717-CV, 2019 WL 304417, at *1–2 (Tex. App.—Austin Jan. 24, 2019, no pet.) (mem. op.) ("Because BPHC has not filed a timely or sufficient petition for permissive appeal, it has not invoked our jurisdiction."); *Deaton v. Enter. TE Products Pipeline LLC*, No. 09-18-00007-CV, 2018 WL 651216, at *1 (Tex. App.—Beaumont Feb. 1, 2018, no pet.) (mem. op.) ("A petition for a permissive appeal must be filed within fifteen days after the order to be appealed is signed. *See* TEX. R. APP. P. 28.3(c). An extension may be granted if a party files the petition within fifteen days after the deadline and files a motion for extension of time. TEX. R. APP. P. 28.3(d). In this case, the appellants filed a motion but did not file a petition within the time required. *Id.*

5

Accordingly, we dismiss the appeal."). Accordingly, we dismiss this permissive appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f).

NORA L. LONGORIA
Justice

Delivered and filed on the
4th day of May, 2023.

6